PER CURIAM.
This is an appeal from a final judgment denying a peremptory writ of mandamus, discharging the alternative writ and dismissing the cause. The petitioner in the trial court, who was the appellant here, suffered the final judgment on July 6, 1970, and filed his notice of appeal to this court on July 7, 1970. Immediately thereafter the appellant and the appellee joined in a motion to advance the cause so that a decision could be rendered by this court prior to the expiration of the qualifying period for election to county offices. This court granted the joint motion and set the time for the filing of briefs, allowed the amicus curiae to file briefs and heard oral argument in the cause.
At the time of oral argument it was announced that the cause was moot as to the appellant in that he had determined to seek another office. This court was then presented with the question, of whether the cause should be dismissed because it was moot. Upon a determination that the question involved was one of public interest we declined to dismiss the cause and proceeded with argument and disposition of the appeal. Wilson v. Newell, Fla.1969, 223 So.2d 734; Ervin v. Capital Weekly Post, Fla. 1957, 97 So.2d 464.
The order appealed adequately sets out the circumstances giving rise to appellant’s petition for writ of mandamus in the trial court:
“As a result of Chapter 70 — 80, Laws of Florida, amending Florida Statutes 99.012, referred to as the up and out law, THOMAS D. O’MALLEY, one of the County Commissioners, of Dade County, Florida, submitted his prospective resignation from the office of County Commissioner and filed for the office of Treasurer of the State of Florida. The Relator, ELTON J. GISSENDAN-NER, in accordance with the above described law, has resigned his current office of Mayor of North Miami, Florida, and seeks to qualify for election to the office of County Commissioner, specifically that seat being; vacated by the resignation of THOMAS D. O’MAL-LEY.”
Thereafter appellant sought to qualify as a candidate for the county commissioner’s seat of Thomas D. O’Malley. The respondent, E. B. Leatherman, Clerk of the Circuit Court, declined to accept appellant’s tendered qualifying papers for the office he sought. Thereupon:
“The Relator filed this suit and prays that the Court will issue a Writ of Mandamus, directing the Respondent to accept the qualification of ELTON J. GISSENDANNER, for election to the seat currently held by THOMAS D. O’MALLEY, and that the election be held on September 8, 1970.
“The Respondent has filed his response denying that there is a vacancy and the *822 Respondent has no duty to accept the qualifying papers and further responding that the vacancy occurs January 5, 1971.”
The trial judge found:
“This Court agrees with the Opinion of the County Attorney No. 70-54, that the only way that an election can be held on September 8, 1970, to fill the vacancy of Chuck Hall and/or Thomas D. O’Malley, would be for those gentlemen to voluntarily make their resignations effective in time for their successors to be elected on September 8, 1970. Otherwise their vacancies must be filled by the provisions of the Home Rule Charter, which is Section 1.07, and there is no election for such office scheduled or required to be held, pursuant to State Law and the Respondent has no duty to accept the qualifying papers of the Relator. Accordingly, the peremptory writ is denied and the alternative writ is discharged and the cause is hereby dismissed.”
The resign-to-run law (Chapter 70-80 Acts of Legislature 1970) reads in part as follows:
“With regard to elective offices said resignation shall create a vacancy in said office thereby permitting persons to qualify as candidates for nomination and election to that office, in the same manner as if the term of such public officer were otherwise scheduled to expire; or, in regard to elective municipal or home rule charter county offices, said resignation shall create a vacancy which may be filled for the unexpired term of the resigned officer in such manner as provided in the municipal or county charter. This does not apply to political party offices.”
Section 1.07 of the Charter of Metropolitan Dade County provides as follows:
“Any vacancy in the office of Mayor or the other members of the Board shall be filed by majority vote of the remaining members of the Board within 30 days, or the Board shall call an election to be held not more than 45 days thereafter to fill the vacancy. The person chosen to fill the office vacated must at the time of his appointment meet the residence requirements for the office to which he is appointed. If the person is appointed, he shall serve only until the next state primary election. If the person is elected, he shall serve for the remainder of the unexpired term of the office to which he is elected.”
It appears clear to us that there is no conflict between the resign-to-run law and the Metropolitan Charter of Dade County. The statute provides that the charter shall govern, and the charter provides a method for filling vacancies. The trial judge has simply found that the Dade County Commission has the right to follow the directions of its own charter.
It has been suggested that a conflict between the charter and the statute exists because the statute has proceeded to define when a vacancy occurs in the resigned office and the prescribed effective date for the resignation. We find no such conflict. If there were such conflict it is clear that the method for the election of the commissioners is one of the areas in which the charter adopted pursuant to the Home Rule Amendment of the Florida Constitution is paramount and would govern in all particulars pertaining to the selection of commissioners. See Dade County v. Young Democratic Club of Dade County, Fla.1958, 104 So.2d 636; In re Advisory Opinion to the Governor, Fla.1959, 116 So.2d 425.
In order to accomplish the purposes of this expedited appeal the time for filing a petition for rehearing shall expire at 5:00 P.M. on Wednesday, July 15, 1970.
Affirmed.