326 So.2d 54 (1976)
STATE of Florida, Petitioner,
v.
Willie Clayton SIMPSON, Respondent.
No. 75-1126.
District Court of Appeal of Florida, Fourth District.
January 16, 1976.
*55 David H. Bludworth, State Atty., Daniel T.K. Hurley, Asst. State Atty., and Robert Gross, legal intern, West Palm Beach, for petitioner.
Andrew I. Friedrich and Starr & Brown, West Palm Beach, Co-counsel for respondent.
WALDEN, Chief Judge.
The state has brought a petition for certiorari as permitted under Fla. Const. art. V § 4(b)(3) (1972), seeking review of a trial court order granting a mistrial and a discharge of the jury in this case, State v. Simpson, Circuit Court Case No. 74-2950. The trial court entered its order based on its finding that the state had, by the use of peremptory challenges, exercised improper racial discrimination when selecting the jury. We have been urged by counsel for defendant that the case is moot, because defendant has been tried and convicted in a subsequent case of State v. Simpson. We choose, however, to exercise our prerogative to grant certiorari. This fact situation presents an issue of great public interest; and the problem might arise in the future unless now clarified. Wilson v. Newell, 223 So.2d 734 (Fla. 1969); Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961); Tau Alpha Holding Corp. v. Board of Adjustments, 126 Fla. 858, 171 So. 819 (1937); State ex rel. Gissendanner v. Leatherman, 237 So.2d 820 (Fla.App. 3rd, 1970). There is a presumption that the prosecution is using its peremptory challenges properly. In Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the court noted:
"... The presumption in any particular case must be that the prosecutor is using the State's challenges to obtain a fair and impartial jury to try the case before the court. The presumption is not overcome and the prosecutor therefore subjected to examination by allegations that in the case at hand all Negroes were removed from the jury or that they were removed because they were Negroes. Any other result, we think, would establish a rule wholly at odds with the peremptory challenge system as we know it. Hence the motion to strike the trial jury was properly denied in this case." 380 U.S. at 222, 85 S.Ct. at 837.
The burden of proving a charge of racial discrimination in jury selection is upon the defendant:
"In short, petitioner has not laid the proper predicate for attacking the peremptory strikes as they were used in this case. Petitioner has the burden of proof and he has failed to carry it." 380 U.S. at 226, 85 S.Ct. at 839.
"... [T]he defendant must, to pose the issue, show the prosecutors systematic use of peremptory challenges against Negroes over a period of time." 380 U.S. at 227, 85 S.Ct. at 839.
*56 U.S. v. Delay, 500 F.2d 1360 (8th Cir.1974); U.S. v. Pollard, 483 F.2d 929 (8th Cir.1973); U.S. v. Pearson, 448 F.2d 1207 (5th Cir.1971).
In U.S. v. Pearson, supra, the court set forth the standard for judging prosecutorial actions in jury selections. The standard is extremely rigid:
"The burden of proof faced by defendants is most difficult. It might require checking the docket for a reasonable period of time for the names of defendants and their attorneys, investigation as to the race of the various defendants, the final composition of the petit jury and the manner in which each side exercised it peremptory challenges. We can well understand how the present defendants' counsel were unable to produce additional evidence. In the six years which have passed since Swain, we have not found a single instance in which a defendant has prevailed on the issue. Nonetheless, the burden is not insurmountable." Id. at 1217-1218.
In Swain v. Alabama, supra, the Supreme Court noted that systematic exclusion by peremptory challenge of blacks from juries is subject to scrutiny under the Fourteenth Amendment:
"... We have decided that it is permissible to insulate from inquiry the removal of Negroes from a particular jury on the assumption that the prosecutor is acting on acceptable considerations related to the case he is trying, the particular defendant involved and the particular crime charged. But when the prosecutor in a county, in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be, is responsible for the removal of Negroes who have been selected as qualified jurors by the jury commissioners and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries, the Fourteenth Amendment claim takes on added significance." 380 U.S. at 223, 85 S.Ct. at 837. (Emphasis supplied.)
This portion of Swain v. Alabama, supra, presumes that to prove the kind of activity that would be foreclosed by the Fourteenth Amendment it must be proven that: (1) a particular prosecutor, (2) in every type of case, (3) in every set of circumstances, and (4) for an extended, provable period of time, has (5) peremptorily excused blacks with the result that no black ever served on a petit jury.
In the case here, the trial judge improperly excluded noncapital cases from its review; and even further limited the review to capital cases with white victims and black defendants. This exclusion alone would have invalidated the trial court finding because the review did not include every kind of case in every circumstance.
We feel it necessary, however, to continue and note that the capital cases upon which the court based its holding were devoid of any proof of improper exclusion, and lacked even an inference of such exclusion. The trial court primarily based its ruling on the following five Circuit Court cases besides the instant Simpson case; State v. Pugh, State v. Burgess, State v. Alford, State v. Cheney, and State v. Burch. The individual prosecutor had trial responsibility for only one of those five, and in that case (State v. Pugh) there were black jurors on the jury. In State v. Burgess there was no showing that there were black jurors in the venire or that either side exercised peremptory challenges to remove black jurors. In State v. Alford there were nine prospective black jurors and all were excused from the jury. However, the testimony of both parties here showed that several of these were excused for cause. In State v. Cheney the record clearly shows that blacks served on the jury. In State v. Burch there was testimony that of three or four prospective *57 black jurors, one was excused by the court, others were excused for health reasons, and the State excused the other. We agree with the State's contention that, taking the facts most favorable to the defendants and measuring by the requirements of Swain v. Alabama, supra, there was absolutely no proof nor even any inference of improper conduct on the part of the prosecution. Little v. U.S., 490 F.2d 686 (8th Cir.1974); Singleton v. Estelle, 492 F.2d 671 (5th Cir.1974); U.S. v. Conley, 503 F.2d 520 (8th Cir.1974); U.S. v. Delay, supra; U.S. v. Pollard, supra; U.S. v. Williams, 446 F.2d 486 (5th Cir.1971); Brown v. Crouse, 425 F.2d 305 (10th Cir.1970); McKinney v. Walker, 394 F. Supp. 1015 (D.S.C., 1974); see Pitts v. State, 307 So.2d 473 (Fla.App. 1st, 1975).
The petition for certiorari is granted and the appealed order is quashed.
OWEN, J., and ALDERMAN, JAMES E., Associate Judge, concur.