LETTS, Chief Judge.
The defendant here was found guilty of first degree murder. He complains on appeal that the theory of the State’s case was really felony murder and that reversible error was committed when the judge failed to instruct the jury on the elements of the underlying felony. We affirm.
The facts reveal that the victim, who was known to carry large sums of money on his person, rode with the defendant in his auto out to the farm where they both worked. A witness working in the fields heard gunshots and saw the defendant walking away from the victim’s car. Approaching the car he saw the victim slumped over in the front seat and then observed the defendant toss a gun in a ditch and run away. Examined as a whole, the evidence established that (1) the victim was known to carry large sums of money, (2) the defendant was short of money and had been trying the night before to sell the gun used to inflict the fatal wounds to pay off gambling debts.[1]
From the foregoing we agree with the State’s contention that there was ample evidence to support premeditation. During opening statement, the State argued that the murder was premeditated and the motive for the killing, robbery. The indictment alleged murder by premeditated design and did not include allegations of a felony murder.
Nonetheless the defense argues that the outcome is controlled by a recent Florida Supreme Court case which held it fundamental reversible error in a felony murder case to fail to give at least some minimal instruction on the underlying felony, even if not necessary to fully define it as would be required if the underlying felony were the main charge. State v. Jones, 377 So.2d 1163 (Fla.1979). However, there is a vital distinction between the case now before us and Jones. The Jones opinion clearly indicates that the felony murder theory was uppermost in its deliberations and nowhere seeks to address the issue of whether refusal to instruct a jury on the elements of the underlying felony constitutes reversible error if the felony murder is not the primary theory of the case. On the contrary, it notes no finding on the evidence relative to the establishment of premeditation. Moreover, in Frazier v. State, 107 So.2d 16 (Fla.1958) the Supreme Court determined that where the evidence supported a jury finding of murder by premeditated design, error in the felony murder instruction was harmless. This same thought was recently reiterated by the Supreme Court in Vasil v. State, 374 So.2d 465 (Fla.1979). If it be harmless, rather than fundamental error to give an erroneous felony murder instruction in a case where the principle charge is mur *962 der by premeditated design, we certainly cannot declare- it to be fundamental error in the case now before us in which a felony murder instruction has been properly given and the shortcoming is merely failure to define the elements of the underlying felony, especially when defense counsel specifically objects to the giving of any such instruction, as he did in the instant case. We find no merit in the other two points on appeal.
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.

. Note, however, that a later search of the victim, his car and trunk revealed approximately $7,000; however, his wallet was missing.