ORFINGER, Judge.
Appellant raises only one point on appeal from his conviction for robbery with a firearm. He contends that the trial court erred in refusing to give to the jury his requested instruction on robbery without a weapon (strong arm robbery), which he says is a category III necessarily included offense one step removed from the offense of robbery with a firearm, so as to require reversal under the principles announced in Brown v. State, 206 So.2d 377 (Fla.1968). We disagree and affirm.
The refusal to give an instruction on a lesser included offense one step removed from the crime for which a defendant is convicted is reversible error. State v. Abreau, 363 So.2d 1063 (Fla.1978), cert, denied 376 So.2d 68 (1979); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980). Put another way, if the offense on which the instruction is refused is not two or more steps removed from the crime for which a defendant is convicted, the error is not harmless. Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980).
Here, appellant was charged with (and convicted of) robbery with a firearm under section 812.13(2)(a), Florida Statutes (1977). That section proscribes robbery with a firearm or a deadly weapon. Appellant contends that robbery with a weapon, section 812.13(2)(b), is not a necessarily included offense of robbery with a firearm or other deadly weapon because the statutory definition of “weapon”[1] excludes a firearm from its terms. The logic of the argument escapes us. The offense of robbery with a weapon is a lesser included offense of robbery with a firearm or deadly weapon. Growden v. State, 372 So.2d 930 (Fla.1979), and is one step removed therefrom. Thus, it follows that the requested instruction was for a crime two steps removed from the crime for which appellant was convicted, and thus the error, if any, in refusing to so instruct the jury was harmless.
The judgment of conviction is affirmed.
COBB and SHARP, JJ., concur.

. § 790.001(13), Fla.Stat. (1977).