PER CURIAM.
This is a habeas corpus proceeding in which the petitioner, S.M., a child, seeks discharge from the custody of the respondent, the Superintendent of the Broward Regional Detention Center.
On January 5, 1981, the State filed a petition for adjudication of delinquency, charging that S.M., on December 4, 1980, had committed a battery in violation of Section 784.03(1), Florida Statutes (1979). S.M. pleaded nolo contendere to the charge, and the circuit court deferred disposition and adjudication until March 4, 1981. At the March 4th hearing the court, among other things, withheld adjudication and placed S.M. in a program of community control. In addition, the court directed that, as one condition for placing S.M. in a community control program, S.M. would “stay in detention” until 5 p. m., March 7, 1981. The Public Defender thereupon urged that the detention would be illegal because the court had placed S.M. in a community control program; however, the court refused to change its detention requirement.
At 4:29 on Friday, March 6, 1981, the Public Defender filed a Petition For Emergency Writ of Habeas Corpus, which set forth the foregoing facts, argued that the detention was without statutory support, and asked this court to (1) issue a writ of habeas corpus directing the respondents to show cause why S.M. should not be released, and (2) issue an opinion “proscribing detention after disposition of children placed on community control.” This court immediately entered an order that directed (1) the respondents to show cause by March 19, 1981, why S.M.’s petition should not be granted, and (2) that S.M. “be discharged from custody forthwith, subject to further detention in the event that habeas corpus relief is ultimately denied.”
On March 13th the Attorney General, on behalf of the respondents, filed a response to the order to show cause. That response set forth that S.M. had been released from *512 detention on March 7th and the request for release was therefore moot; in addition, the response asked this court to dismiss the petition for mootness.
The release of S.M. on March 7th did render the habeas corpus petition moot. Nonetheless, because the propriety of the detention of children, such as S.M., who have been placed in community control is a question of public interest involving the duties and authority of juvenile court judges, we have determined to treat the merits of S.M.’s petition. Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla.1957); Wilson v. Newell, 223 So.2d 734 (Fla.1969); State ex rel. Gissendanner v. Leatherman, 237 So.2d 820 (Fla. 3rd DCA 1969).
The question with which we deal is whether judges of the juvenile division of the circuit court, as a condition of community control, may properly order the detention of a child in a governmental facility after the court has properly ordered the child to be placed in community control. We answer the question in the negative.
Section 39.01(10), Florida Statutes (1979), defines “community control” as:
“the legal status of probation created by law and court order involving a child who has been found to have committed a delinquent act. Community control is an individualized program where the freedom of the child is limited and the child is restricted to noninstitutional quarters or restricted to the child’s home in lieu of commitment to the custody of the department [of Health and Rehabilitation] in a training school, halfway house, or other residential program of the department.” (Emphasis added.)
Section 39.11(l)(a), Florida Statutes (1979), provides as follows:
“Powers of disposition
(1) When any child shall be adjudicated by the court to have committed a delinquent act, the court having jurisdiction of the child shall have the power, by order in which is stated the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing to:
(a) Place the child in a community control program under the supervision of an authorized agent of the department or any other person or agency specifically authorized and appointed by the court, either in the child’s own home or, if the prospective custodian is willing, in the home of a relative of the child or in some other suitable place under such reasonable conditions as the court may direct. A community control program is as defined in s. 39.01(10) and shall include a penalty such as restitution, curfew, revocation or suspension of the driver’s license of the child, or other nonresidential punishment appropriate to the offense and a rehabilitative program. (Emphasis added.)
The foregoing statutes not only do not permit judges of the juvenile division to order a child it has placed in community control to be detained in a governmental facility, they implicitly proscribe such detention.
Accordingly, but for the fact this matter is now moot, we would issue a writ of habeas corpus and order S.M. released from detention in the governmental facility. However, since S.M. has already been released from detention we dismiss the petition because it is moot.
DOWNEY, MOORE and HERSEY, JJ„ concur.