414 So.2d 264 (1982)
John Clarence FULLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2244.
District Court of Appeal of Florida, Third District.
May 25, 1982.
*265 Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.

ON REHEARING
BARKDULL, Judge.
John Fuller brings this appeal from convictions and sentences for third degree murder and the unlawful possession of a firearm while engaged in a criminal offense.
Fuller was charged with second degree murder and with displaying a firearm during the commission of the second degree murder felony. A jury trial was held at which evidence was introduced by the State, consisting of a written statement and a video tape statement by the defendant. According to the evidence, the defendant had been seeing Bessie Gerald for about two years. (In return for money, Ms. Gerald would provide the defendant with sexual intercourse.) On the evening of August 31, 1979, the defendant and Gerald were at a lounge together. Gerald asked the defendant to buy her a drink and for $11.00 so that she could claim her clothes from the cleaners; defendant gave her the $11.00 and she said she would "see" him later. The next morning (September 1) the defendant and Gerald were together at another lounge, at which time the defendant pulled a gun and shot Gerald in the chest. At the time, Gerald had an alcohol level which was described as a "barely walking type of intoxication". Gerald died from her wound, giving rise to the information filed against the defendant.
At the charge conference, the prosecution requested instructions on lesser degree crimes, but the defense objected to such charges.[1] However, the court instructed the jury on second degree murder (the charge actually filed against the defendant), third degree murder, and manslaughter. No charge, however, was given on a "non-enumerated underlying felony to third degree murder". A jury verdict of guilt was returned on the lesser degree charge of third degree murder, and another jury verdict of guilt was returned on the charge of displaying a firearm during the commission *266 of a felony. The defendant was sentenced to fifteen years' imprisonment on each count to run concurrently, with a three-year mandatory minimum sentence on Count I. This appeal followed.
The appellant contends it was fundamental error not to instruct the jury on an underlying non-enumerated felony to the lesser degree charge of third degree murder. The underlying non-enumerated felony for which no jury instruction was given on the third degree murder charge was aggravated battery. Secondly, it was error to adjudicate and punish the defendant both for the crimes of third degree murder (Count I) and for the display of a firearm during the commission of that felony (Count II), inasmuch as this violated the defendant's right not to be placed in jeopardy twice for the same offense as guaranteed by the Fifth Amendment to the United States Constitution.
We find the appellant's first point to be without merit. Where a homicide has taken place, whether or not an aggravated assault occurred as part of a crime that culminated in the death of the victim is immaterial. What we are dealing with is the death of a human being which was either lawful or unlawful homicide. Upon a jury determination that the defendant caused the victim's death unlawfully, it must then determine what degree of murder or manslaughter is involved. Therefore, where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide. Brown v. State, 245 So.2d 68 (Fla. 1971); Martin v. State, 342 So.2d 501 (Fla. 1977); Compare, Coxwell v. State, 397 So.2d 335 (Fla. 1st DCA 1981). See and compare: Alicea v. State, 392 So.2d 960 (Fla. 4th DCA 1980).[2]
As to the second point, we vacate the sentence upon the conviction for displaying of a firearm during the commission of a felony upon the reasoning of the Supreme Court as stated in its opinion in State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
Therefore the conviction and sentences are hereby affirmed. The sentence for display of a firearm in the commission of a felony is hereby vacated.
Affirmed in part, reversed in part.
BASKIN, Judge (concurring in part, dissenting in part).
Failure to instruct on the underlying felony upon which the third-degree murder conviction was based constitutes greater error than does a similar failure for a homicide based upon premeditation, contrary to footnote 2 of the majority opinion. It is more important for the court to define the underlying felony for the jury when felony murder is the basis of the unlawful homicide because it is the only means of establishing criminal intent necessary to support a conviction under due process of law when the charge is not based upon premeditation.
In Knight v. State, 338 So.2d 201 (Fla. 1976), the supreme court permitted conviction of a felony murder as a lesser included offense of a charge founded upon premeditation. In State v. Jones, 377 So.2d 1163 (Fla. 1979), the court clarified its ruling and affirmed an appellate decision requiring instruction on the underlying felony in order to sustain a felony murder conviction. In Knight v. State, 394 So.2d 997 (Fla. 1981), an appeal from a denial of habeas corpus, the court stated:

*267 We expressly noted in Jones that there was no contention that there was sufficient evidence to establish premeditated murder. We conclude that where there is sufficient evidence of premeditation, the failure to give the underlying felony instruction, where it has not been requested, is not error which mandates a reversal absent a showing of prejudice. [Citation omitted] (emphasis added).
Id. at 1002. The requirement of an instruction on the underlying felony is supported by McRae v. Wainwright, No. 61,865 (Fla. March 25, 1982) [7 FLW 151]; see Robles v. State, 188 So.2d 789 (Fla. 1966); Frazier v. State, 107 So.2d 16 (Fla. 1958). In defendant Fuller's case, premeditation was not an element of the offense of which he was convicted. His conviction depends upon felony murder, and case law tells us that the underlying felony must be defined. Mahaun v. State, 377 So.2d 1158 (Fla. 1979) and State v. Jones dictate that failure of the trial court to define the underlying felony of the primary charge constitutes fundamental error requiring reversal even in the absence of an objection because the intent to commit the underlying felony must be proven. Cases upholding convictions despite the absence of instruction on the underlying felony depend on premeditation for proof of intent. Alicea v. State, 392 So.2d 960 (Fla. 4th DCA 1980).
Defendant Fuller was convicted of third-degree felony murder, an offense no longer considered a necessarily included lesser offense of second-degree murder under Standard Jury Instructions in criminal cases effective July 1, 1981. Third-degree murder is no longer listed as a lesser included offense of second-degree murder committed under a "depraved mind" theory or during the commission of a felony. These instructions, however, did not apply to defendant Fuller and, because the jury was not instructed on any underlying felony which might establish the intent necessary for a third-degree murder conviction, I believe the conviction must be reversed.
I am in full agreement with the remainder of the majority opinion.
NOTES
[1] "MR. ROSENBERG: Judge, after careful consultation with Mr. Fuller, Mr. Zelman has some announcement.

MR. ZELMAN: Judge, we're not requesting any lessers.
THE COURT: State?
MR. KAHN: The State is going to request lessers, Judge.
THE COURT: Are you?
MR. KAHN: Yes.
THE COURT: Okay. I will give second, third and manslaughter, and noting the defense's objection."
[2] ... .

"... Moreover, in Frazier v. State, 107 So.2d 16 (Fla. 1958) the Supreme Court determined that where the evidence supported a jury finding of murder by premeditated design, error in the felony murder instruction was harmless. This same thought was recently reiterated by the Supreme Court in Vasil v. State, 374 So.2d 465 (Fla. 1979). If it be harmless, rather than fundamental error to give an erroneous felony murder instruction in a case where the principle charge is murder by premeditated design, we certainly cannot declare it to be fundamental error in the case now before us in which a felony murder instruction has been properly given and the shortcoming is merely failure to define the elements of the underlying felony, especially when defense counsel specifically objects to the giving of any such instruction, as he did in the instant case... ." [emphasis supplied]