431 So.2d 718 (1983)
The STATE of Florida, Appellant,
v.
Jacques SIMONE, Appellee.
No. 82-144.
District Court of Appeal of Florida, Third District.
May 24, 1983.
Jim Smith, Atty. Gen. and William Thomas, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
The state takes this appeal from the trial court's order granting appellee/defendant's motion for a new trial. The issue presented is whether the trial court abused its discretion by granting defendant's motion for a new trial on the ground that refusal to instruct the jury on an allegedly lesser included offense constituted prejudicial error under Lomax v. State, 345 So.2d 719 (Fla. 1977). Because we find that the court's ruling was based upon a perceived error as to a matter of law which was not, in fact, error, we reverse.
The facts giving rise to the prosecution of the defendant are as follows. On January 23, 1981 the defendant and another man, *719 Willie Sykes, became engaged in a fist fight inside an apartment. The fight escalated and the defendant hit Sykes with a gun and when he broke free and ran, the defendant fired "at his feet" and fired, again at his feet, as Sykes ran outside. On the sidewalk nearby, Josephine Williams was walking her son, Donnell Robinson, home from school. Donnell was hit in the temple by a bullet and died, after a lengthy period of hospitalization, as a result of the gunshot wound. An indictment was filed against the defendant on September 23, 1981. Count One charged the defendant with second degree murder [sec. 782.04(2), Fla. Stat. (1979)], i.e., that he "by an act imminently dangerous to another and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual, did kill and murder one Donnell Robinson" by firing a gun at Willie Sykes, "the bullet hitting and killing Donnell Robinson... ." Counts two and three charged an aggravated assault upon Willie Sykes and possession of a firearm while committing a felony. These latter two counts were nolle prossed by the state.
At the close of the state's case, the court granted defendant's motion for judgment of acquittal on the murder count, reducing the charge to manslaughter.[1] The defendant requested a jury instruction on the offense of culpable negligence[2] as a necessarily lesser included offense of manslaughter. The prosecution objected to the requested instruction, arguing that culpable negligence is a form of manslaughter and is defined in the manslaughter instruction. The court declined to give the requested culpable negligence instruction, which stated:
CULPABLE NEGLIGENCE
Before you can find the Defendant guilty of Culpable Negligence, the State must prove the following two elements beyond a reasonable doubt:
1. That Jacques Simone inflicted actual personal injury on Donnell Robinson.
2. He did so through culpable negligence.
I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
The instruction on manslaughter, as read to the jury, is as follows:
Before you can find the defendant guilty of manslaughter, the State must prove the following two elements beyond a reasonable doubt. One, that the victim, Donnell Robinson is dead and two, that the death was caused by the act, procurement, or culpable negligence of the defendant, Jacques Simone.
I will now define culpable negligence for you. Each of us has a duty to act *720 reasonably towards others. If there is a violation of that duty without any conscious intent to harm, that violation is negligence, but culpable negligence is more than a failure to use ordinary care for others, but negligence, to be called culpable negligence, must be gross and flagrant.
The negligence must be committed with utter disregard for the safety of others. Culpable negligence then is consciously doing an act or following a course or conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily harm.
At the request of the jury, during deliberations, to be reinstructed on the definition of manslaughter, the court re-read the instructions on excusable and justifiable homicide and reiterated the above instruction on manslaughter. The jury returned a verdict finding defendant guilty of manslaughter. Defendant's motion for new trial alleged, inter alia, that the "Court erred in refusing to charge the jury on Culpable Negligence, S. 784.05, F.S., as a necessarily lesser included offense of Manslaughter." Following a hearing, the trial court granted the motion for new trial, upon the authority of Lomax v. State, 345 So.2d 719 (Fla. 1977), based on its erroneous refusal to give the requested charge on culpable negligence as a necessarily lesser included offense of manslaughter. This appeal followed.
In Lomax v. State, supra, the Florida Supreme Court held that failure, in a robbery prosecution, to give requested instructions on the lesser included crimes of assault with intent to commit robbery and attempted robbery was prejudicial error. The court based its holding upon the "jury pardon" rationale expressed in its prior decisions in State v. Terry, 336 So.2d 65 (Fla. 1976); and Hand v. State, 199 So.2d 100 (Fla. 1967). Disapproving of a line of cases holding that error in the court's refusal to instruct on a lesser-included offense was harmless where there was overwhelming evidence the defendant was guilty as charged, the Lomax court wrote:
The major flaw underlying this rationale, however, is that it revives the very problem ostensibly remedied in Hand; that is, the trial court is permitted to invade the province of the jury by making a unilateral determination that a lesser-included offense instruction is unnecessary because there is overwhelming evidence to convict the defendant on the crime charged. In such a situation, whether the judge's failure to instruct properly is deemed harmless error or not error at all is immaterial. In both cases the effect is the same  the trial judge successfully takes an important evidentiary matter from the proper province of the jury.
345 So.2d at 721.
Under Brown v. State, 206 So.2d 377 (Fla. 1968) (hereinafter, Brown I), the trial court is required to instruct the jury on any offense which is a "category 3" offense, i.e., one necessarily included in the major offense charged. The court may further be required to instruct on a "category 4" offense, i.e., one which may or may not be included in the offense charged, depending upon the accusatory pleading and the evidence at trial. The Brown I categories are represented by categories 1 and 2, respectively, in the Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions in Criminal Cases. This Schedule lists culpable negligence as a category 2 offense of second degree murder (the offense with which appellee Simone was charged by indictment) and as a category 1 offense of manslaughter (the offense with which Simone was charged as a result of the court's granting a judgment of acquittal of second degree murder). While this listing would appear initially to require giving of the requested culpable negligence instruction in the instant case, we find that there exists an altogether different rule which is controlling here and requires a different result.
The Florida Supreme Court in Brown v. State, 245 So.2d 68 (Fla. 1971) (hereinafter, *721 Brown II),[3] recognized an exception to the requirements of Brown I in homicide cases. The court affirmed the defendant's conviction of first degree murder, holding that the offenses of aggravated assault, assault and battery and attempt to commit armed robbery were not necessarily lesser included offenses upon which it was necessary that the jury be charged. In so doing, the court adopted the reasoning of the Second District Court of Appeal in Sadler v. State, 222 So.2d 797 (Fla. 2d DCA 1969), another first degree murder case, with regard to required instructions in homicide cases:
What the trial court was concerned with in the instant case was to properly and sufficiently instruct the jury as to the various degrees of unlawful homicide and of justifiable and excusable homicide... .
What we have here was either unlawful homicide or lawful homicide. The death of a human being at the hands of defendant Sadler was concededly involved. If defendant's contention as to `lesser included offenses' is sound, then the trial Judge would have been required, upon request, to run down the gamut of the criminal lexicon to minor petty offenses such as disorderly conduct or disturbing the peace. This was a death case, not an assault case. We hold there is no merit to this point. [222 So.2d 799, 800.]
245 So.2d at 75.
Subsequently, in Martin v. State, 342 So.2d 501 (Fla. 1977), the court again had occasion to consider this issue in determining whether the defendant's conviction for third degree murder was proper despite the trial court's refusal to instruct on aggravated assault as a lesser included offense of the charged offense of second degree murder. The court, relying heavily on Brown II and Sadler, definitively stated the rule regarding jury instructions required in homicide cases:
However, in cases such as that under review the trial judge need not worry about invading the province of the jury if he restricts his instructions to those involving lawful and unlawful homicide. As pointed out by the District Court, `What we have here is the death of a human being which was either unlawful homicide or lawful homicide.' The death of the victim is not in issue; it is an incontrovertible fact. The jury's duty is to ascertain whether the defendant caused the victim's death, and, if so, whether the homicide was justifiable or unjustifiable. If the jury finds that an unlawful homicide has occurred, they must then determine what degree of murder or manslaughter is involved. Whether an aggravated assault occurred as part of a crime that culminated in the death of the victim is patently immaterial... .
In light of the above discussion, we hold that where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide.
342 So.2d at 502-03. The rule is apparently well established in Florida. See, e.g., State v. Thomas, 362 So.2d 1348, 1350 n. 6 (Fla. 1978); Lewis v. State, 377 So.2d 640 (Fla. 1979); Fuller v. State, 414 So.2d 264 (Fla. 3d DCA 1982); Coxwell v. State, 397 So.2d 335 (Fla. 1st DCA 1981); Henderson v. State, 370 So.2d 435 (Fla. 1st DCA 1979).
It should be noted, however, that application of the Martin rule in this case leads inevitably to a conflict with the Brown I jury instruction requirements as expressed in the Schedule of Lesser Included Offenses in the Florida Standard Jury Instructions in Criminal Cases. The Schedule lists culpable negligence as a one-step removed lesser included offense (and thus, a "necessarily-included" lesser offense) of manslaughter. The failure to instruct on a lesser included offense one-step removed from that for which the defendant was convicted was held to be reversible error in Stephens v. State, 396 So.2d 741 (Fla. 5th DCA 1981). We recognize that the Schedule is presumptively *722 correct, Ray v. State, 403 So.2d 956, 961 n. 7 (Fla. 1981), and that Stephens correctly applied Brown I to its facts (not involving a homicide). However, the instant case, being a homicide case, is governed by the express rule as to homicide cases established in Martin and the other authorities cited hereinabove. Furthermore, the Schedule recognizes Martin as "but see" authority relative to listed category 2 offenses of all the homicide offenses, including manslaughter. This opinion adds a similar Martin caveat to the listing of culpable negligence as a category 1 lesser included offense of manslaughter.
Additionally, we think it clear that the Legislature intended the culpable negligence statute [sec. 784.05, Fla. Stat.], to punish acts of the same character as those covered by the offense of manslaughter by culpable negligence [under sec. 782.07, Fla. Stat.], but which acts do not result in the death of the victim. The plain language of section 784.05 refers to exposing another person to personal injury or inflicting actual personal injury on another through culpable negligence. See generally, State v. Greene, 348 So.2d 3 (Fla. 1977) (sec. 784.05 is constitutional; degree of punishment dependent on whether or not injury was inflicted) (e.s.); Harrell v. State, 405 So.2d 480 (Fla. 3d DCA 1981) (upholding manslaughter conviction where evidence was sufficient beyond a reasonable doubt for jury to find defendant guilty of culpable negligence resulting in victim's death) (e.s.); Taylor v. State, 401 So.2d 812, 816 (Fla. 5th DCA 1981) (Dauksch, dissenting) (expressing opinion that crime of attempted manslaughter does not exist in Florida. "Because there is a crime of culpable negligence ... which can be defined as manslaughter without the death [or even without any injury if it is subsection (1)...] I think the `attempt to manslaughter' has been specifically covered by the Legislature."); J.C.M. v. State, 375 So.2d 873 (Fla. 2d DCA 1979) (crime of culpable negligence consists of exposing another to or inflicting personal injury upon another) (e.s.).
Furthermore, we do not believe, in light of the cited authorities, that any other construction of the culpable negligence statute is indicated by the substantial amendment thereto effected by Chapter 74-383, § 21, Laws of Florida, which rewrote former section 784.05 (1973), deleting therefrom the words "not resulting in death", referring to the injury caused, and further specifying two separate categories of the offense, first and second degree misdemeanors (present subsections (2) and (1), respectively), depending upon whether actual personal injury was inflicted or whether the defendant merely exposed another to personal injury. Murray v. State, 328 So.2d 501 (Fla. 4th DCA 1976), and Smith v. State, 330 So.2d 526 (Fla. 4th DCA 1976), held that former section 784.05 (1973), was not a lesser included offense of manslaughter because of the "not resulting in death" language which was later deleted.
We have concluded that in the instant case the jury was properly instructed that if they found the defendant had caused the death of Donnell Robinson by his "act, procurement, or culpable negligence" they must convict the defendant of manslaughter. The charge given, which additionally defined "culpable negligence", was proper. There was no requirement that an additional instruction be given on the offense of culpable negligence.
New trial orders are generally entitled to great weight in the absence of a showing of a clear abuse of discretion. However, an order granting a new trial on matters which the trial court views as errors of law should be reversed when, on appeal, it is determined such matters were not error, or constituted harmless error. State v. Tresvant, 359 So.2d 524 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1375 (Fla. 1979). Here, the trial court's refusal to give the requested instruction on culpable negligence as a lesser included offense was not error. Accordingly, the order granting a new trial to the defendant is reversed, with directions to reinstate the jury verdict.
Reversed.
NOTES
[1] The manslaughter statute, sec. 782.07, Fla. Stat. (1979), provides, as follows:

The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] The culpable negligence statute, sec. 784.05, Fla. Stat. (1979), provides, as follows:

(1) Whoever, through culpable negligence, exposes another person to personal injury shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Whoever through culpable negligence inflicts actual personal injury on another shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] An appeal unrelated to the Brown I case.