NIMMONS, Judge.
Thomas appeals from his conviction of manslaughter claiming that the trial court reversibly erred by denying his request that the jury be instructed on the lesser misdemeanor offense of culpable negligence under Section 784.05, Florida Statutes (1981). We affirm the conviction.
Thomas shot and killed his stepdaughter’s fiance. He was tried on a charge of second degree murder. At trial, he defended on the basis of accident or, alternatively, self-defense. There was no question that the victim died as a result of the gunshot wound. Under such circumstances, the trial court was not required to instruct the jury on any non-homicide lesser offense. As the Court stated in Martin v. State, 342 So.2d 501, 502 (Fla.1977):
[I]n cases such as that under review the trial judge need not worry about invading the province of the jury if he restricts his instructions to those involving lawful and unlawful homicide. As pointed out by the District Court, “What we have here is the death of a human being which was either unlawful homicide or lawful homicide.” The death of the victim is not in issue; it is an incontrovertible fact. The jury’s duty is to ascertain whether the defendant caused the victim’s death, and, if so, whether the homicide was justifiable or unjustifiable. If the jury finds that an unlawful homicide has occurred, they must then determine what degree of murder or manslaughter is involved.
See also Lewis v. State, 377 So.2d 640 (Fla.1980); State v. Simone, 431 So.2d 718 (Fla. 3rd DCA 1983); Fuller v. State, 414 So.2d 264 (Fla. 3rd DCA 1982); Spikes v. State, 405 So.2d 430 (Fla. 3rd DCA 1981); Coxwell v. State, 397 So.2d 335 (Fla. 1st DCA 1981); accord State v. Thomas, 362 So.2d 1348, 1350, f.n. 6 (Fla.1978).
Appellant, however, contends that the Schedule of Lesser Included Offenses adopted by the Florida Supreme Court effective October 1, 1981, dictates a different result.[1] That Schedule is appended to the Florida Standard Jury Instructions in Criminal Cases, 1981 Edition, and lists manslaughter and culpable negligence as Category 1 and Category 2 lesser included offenses, respectively, under the charged offense of second degree murder. Although the Schedule is presumptively correct, Ray v. State, 403 So.2d 956, 961, n. 7 (Fla.1981), it would be erroneous to conclude that the Supreme Court, by adopting the Schedule, intended to overrule its previous holding in Martin v. State, supra, particularly in view of the fact that the Schedule cites Martin as “but see” authority. See State v. Simone, supra. The inclusion of culpable negligence in the homicide portion of the Schedule can be explained by the fact that such offense may in some instances be regarded as a *14 Category 2 lesser included offense where, for example, there is an issue as to whether the defendant’s act caused the victim’s death. See State v. Thomas, 362 So.2d 1348, 1350 n. 6 (Fla.1978).
The trial judge was eminently correct in refusing to instruct the jury on the lesser offense of culpable negligence.
Affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.

. The orders of the Florida Supreme Court entered in Case No. 58,799 on April 16, 1981, and June 5, 1981, adopting the Schedule of Lesser Included Offenses, although not published in Southern Reporter, are included, respectively, in 6 FLW 305 (4/16/81) and 6 FLW 583 (9/18/81).