433 So.2d 1323 (1983)
Leonard CAPERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1964.
District Court of Appeal of Florida, Third District.
July 5, 1983.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
*1324 Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Appellant, charged with first-degree murder, was convicted of third-degree murder. He raises several points as error, none of which merit lengthy discussion.
First, no abuse of discretion is demonstrated by the court's refusal to excuse for cause several jurors where those jurors said that they could base their verdicts solely on the evidence, and no other evidence or statements of the jurors suggests otherwise. See Singer v. State, 109 So.2d 7 (Fla. 1959); Ashley v. State, 370 So.2d 1191 (Fla. 3d DCA 1979); § 913.03(10), Fla. Stat. (1981).
Second, appellant's claim of systematic exclusion of black jurors was without merit where three of the twelve jurors were black, one of whom was foreman. See State v. Simpson, 326 So.2d 54 (Fla. 4th DCA 1976).
Third, the court's failure to instruct the jury on the underlying felony or felonies to the lesser-included offense of third-degree murder, upon which offense defendant was convicted, is not error. Fuller v. State, 414 So.2d 264 (Fla. 3d DCA 1982) (where a defendant was charged with second-degree murder and the jury was instructed on that charge and on third-degree murder and manslaughter, no error was committed in failing to instruct the jury on an underlying non-enumerated felony to the lesser degree crime of third-degree murder of which defendant was convicted).
Fourth, the court will not consider an issue never presented to the trial court, i.e., whether defense counsel's waiver of defendant's presence during the exercise of peremptory challenges was with the defendant's consent. Cf. Francis v. State, 413 So.2d 1175 (Fla. 1982) (where defendant filed a motion for new trial, contending that he had not consented to his counsel's waiver of his right to be present during counsel's exercise of his peremptory challenges, and that he was told by his counsel that he could not accompany him in the jury room where selection was taking place, reversible error was committed and defendant was entitled to a new trial). Appellant may challenge the voluntariness of the waiver by a motion for post-conviction relief. See Johnson v. State, 267 So.2d 114 (Fla. 2d DCA 1972) (where defendant raised for the first time on appeal questions which Florida Rule of Criminal Procedure 3.850 required to be first submitted to trial court, judgment of conviction would be affirmed without prejudice to defendant's right to seek post-conviction relief).
Finally, evidence which is incriminating to one defendant in a joint trial, but irrelevant as to the other defendant, need not be excluded, if, when coupled with careful instructions to the jury to consider the evidence only as to the defendant to whom it relates, prejudice is avoided. See United States v. Gattie, 511 F.2d 608 (5th Cir.1975).
Affirmed.
BASKIN, Judge (dissenting in part).
I agree with the majority opinion except with regard to the trial court's failure to instruct the jury on underlying offenses pertaining to third degree felony murder. On that issue I adhere to the views expressed in Fuller v. State, 414 So.2d 264, 266 (Fla. 3d DCA 1982) (Baskin, J. dissenting in part), review granted, (Fla. Nos. 62,153 & 62,259, 1983).