479 So.2d 187 (1985)
Lawrence CAPERS and Leonard Capers, Appellants.
v.
The STATE of Florida, Appellee.
No. 85-166.
District Court of Appeal of Florida, Third District.
November 20, 1985.
Rehearing Denied December 30, 1985.
*188 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, and Louis M. Jepeway, Jr., Sp. Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The order under review, which summarily denied appellants' motion for post-conviction relief on a holding that the claim is not cognizable in a proceeding brought pursuant to Florida Rule of Criminal Procedure 3.850, is reversed. Appellants' claim here, that they were denied the right to be present during a critical stage of the trial proceeding, may be raised in a post-conviction attack on the judgment of conviction. Cole v. State, 181 So.2d 698 (Fla. 3d DCA 1966). The cases relied upon by the State, Middleton v. State, 465 So.2d 1218 (Fla. 1985) and Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985), hold, on this point, that denial of a rule 3.850 motion without a new evidentiary hearing is proper where the record of the prior trial conclusively establishes that petitioner is entitled to no relief.
In the earlier appeals from the convictions we declined to consider the "involuntary-absence-from-the-courtroom" claim because it had not been presented to the trial court. We instead specifically invited appellants to present the question by a motion for post-conviction relief.[1] That earlier disposition of the issue constitutes the law of this case, see State v. Stanley, 399 So.2d 371 (Fla. 3d DCA), rev. denied, 408 So.2d 1095 (Fla. 1981), and is unaffected by subsequent supreme court decisions.
The motion for relief is sufficient on its face. On remand the trial court is to first consider the record to determine whether there is any merit to the claim. If the merit of the claim cannot be determined by examination of the record then an evidentiary hearing is required. The right reserved to appellants by our opinion in the prior appeal, to challenge their exclusion from the courtroom during critical stages of the trial, does not mandate a new evidentiary hearing. Middleton v. State; Johnson v. Wainwright.
Reversed and remanded.
NOTES
[1] Capers v. State, 433 So.2d 1324 (Fla. 3d DCA 1983), rev. denied, 444 So.2d 416 (Fla. 1984) and Capers v. State, 433 So.2d 1323 (Fla. 3d DCA 1983), approved, 455 So.2d 358 (Fla. 1984).