JORGENSON, Judge.
Lawrence and Leonard Capers appeal from an order of the trial court denying their second motion, pursuant to Florida Rule of Criminal Procedure 3.850, for post-conviction relief. In their first Rule 3.850 motion, the Capers claimed that their absence from the proceedings while their counsel exercised their peremptory challenges was constitutional error. The Capers stated that they neither waived their right to be present during this process nor authorized their counsel to exercise their peremptories in their absence.[1] The trial court denied the motion on the ground that their claim was not a proper subject for a post-conviction motion. This court reversed the order denying the motion and remanded the cause to the trial court with *259 directions to “first consider the record to determine whether there is any merit to the claim” and, if such a determination could not be made on the record alone, to conduct an evidentiary hearing. Capers v. State, 479 So.2d 187, 188 (Fla. 3d DCA 1985) [Capers II].
On remand, the trial court followed our directive and first reviewed the record. The trial court also heard the parties’ arguments before concluding that the Capers were not entitled to post-conviction relief. The trial court specifically found:
(1) that the Capers were present while the peremptories of their 3 co-defendants were exercised, as well as during the exercise of 2 of Leonard’s peremptories; (2) that their counsel waived their presence, and exercised the Capers’ remaining peremptories; (3) that the Capers had actual or constructive knowledge of what occurred during their absence because the jury panel was different when they returned; (4) that the Capers made no objections about their absence to either their counsel or the court; and (5) that they therefore ratified their counsel’s waiver of their presence.
The Capers claim that the trial court erred in denying their second motion for relief without conducting an evidentiary hearing. At the time of oral argument before this court, we did not have the benefit of Ferry v. State, 507 So.2d 1373 (Fla. 1987), wherein the Florida supreme court failed to find constitutional error where a defendant had voluntarily absented himself during juror challenges. In light of the subsequent Ferry decision, this court directed the parties to file supplemental briefs addressing the applicability of Ferry to this case.
After considering the briefs, the parties’ oral arguments, and the record, we conclude that the trial court was correct in its determination that the Capers are not entitled to post-conviction relief. An evi-dentiary hearing is not required where the record demonstrates a valid waiver of the defendants’ presence. In this case, the Capers voluntarily left the courtroom prior to the defense’s exercise of their perempto-ries. The Capers were present during all questioning of the jurors. The affidavit submitted by the Capers’ attorney, Michael Von Zamft, indicates that the Capers “were removed from the courtroom to utilize the bathroom facilities and were not brought back into the courtroom until after all of the peremptory challenges had been exercised.” We cannot presume that the bailiffs simply removed the Capers on their own accord. See Ferry, 507 So.2d at 1375. Indeed, the following exchange demonstrates that the presence of the Capers was affirmatively waived by Capers’ counsel:
State: Just for the record, because so much has happened during the time that the defendants have been absent, do you waive the present [sic] of the defendants for this entire procedure up to this moment?
Counsel for co-defendant Lightsey: Yes, we do.
State: With the jury selection and the discussions as to procedure?
Counsel for Lightsey: On behalf of Samuel Lightsey, Jr., and we reaffirmed that we waived his presence.
Counsel for co-defendant Moore: If Your Honor please, as to my client, Patrick Moore, he was present during the whole time.
Von Zamft: Yes.
State: Stipulate to the waiver?
Von Zamft: Yes, Your Honor.
The foregoing exchange occurred immediately prior to the swearing of the jury. “We will not allow a defendant who voluntarily absents himself, who knows that juror challenges will take place in his absence and whose attorneys waive his presence, and cooperates without objection during the exercise of challenges to claim reversible error on appeal.” Ferry, 507 So.2d at 1375.
Here, the Capers were familiar with the process of juror selection since they had been present for the entire voir dire procedure on a previous day when two of Leonard Capers’ ten peremptories were exercised. The Capers were thus apprised, at least in a constructive manner, that per-emptories would be exercised following ju *260 ror questioning. The record reveals that the Capers were present during the last defense questioning of the jurors. The Capers were, therefore, on notice that the peremptory process was imminent. Moreover, there is no evidence on this record that the Capers ever objected to their absence. Cf Francis v. State, 413 So.2d 1175 (Fla.1982) (defendant entitled to new trial where defendant who had been excused to go to restroom was not permitted, upon his return to the courtroom, to join judge and counsel in jury room where they had retired to exercise peremptory challenges).
We find no merit in the Capers’ secondary argument that they did not authorize their counsel to exercise perempto-ries in their absence. The Ferry court rejected this argument on the ground that the defendant “had the opportunity prior to leaving the courtroom to give counsel his input on the exercise of challenges.” Ferry, 507 So.2d at 1375. This logic applies equally here.
Finding no affirmative showing of non-waiver, we affirm the trial court's order denying the Capers' second motion for post-conviction relief.
Affirmed.

. The Capers had first raised this issue on direct appeal from their convictions for third-degree murder in Capers v. State, 433 So.2d 1323 (Fla. 3d DCA 1983) [Capers /]. This court held that the question of the validity of the Capers’ waiver of their presence was not cognizable on direct appeal since the question had not been raised in the trial court.