## JAMES MITCHUM, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The remark of a bystander that the defendant "followed" the deceased not shown to be admissible as part of the *res gestae,* nor as the act of an accomplice.

2. An original affidavit for a continuance filed in behalf of the defendant at a former term and in the handwriting of his then attorney, purporting to be signed by the defendant. and sworn to before the clerk of the court, who testifies to having received the oath, and to his invariable care in such matters, may be received in evidence, even though both the clerk and the defendant fail to remember the particular instance.

3. In a trial for manslaughter, it is error to charge that the State might prove the offense "at any time within two years immediately preceding the date alleged in the indictment," where there is evidence that two years elapsed before the verdict was found.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son* and *S. K. Gillis,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the State.

COCKRELL, J.—The plaintiff in error was indicted in May, 1894, for manslaughter in the Circuit Court for

Walton County. He was tried in May, 1908, was found guilty and sentenced to a fine of one thousand dollars and costs and in default of payment to imprisonment in the State prison for a term of five years.

The refusal of the court to strike the testimony of J. C. Atkinson as to a statement said to have been made by one Rutherford constitutes the first assignment of error.

While the defendant James and his cousin Joe Mitchum were fighting, the witness Atkinson proposed to separate them, and Rutherford, the father-in-law of James, said "you stop and let them alone. He followed Joe over here, now Joe has him down, let him give him a good whipping." The court retained the quoted remarks over objection, presumably upon the State's claim that it was part of the *res gestae*. It is here suggested to us that it was the remark of an accomplice, and therefore admissible, but it is difficult to see how an accomplice should desire to see a fellow accomplice get the worst of it. The statement further tends strongly to violate the rule in such cases in purporting to give not the facts but the conclusion of the bystander as to who started the row. That Joe was first on the spot and that Jim came there in full knowledge of the fact is undisputed and there is so much other evidence perfectly legitimate along the same line that we would hesitate to reverse upon this assignment alone, but on another trial it may well be omitted.

When the case was called for trial fourteen years before the actual trial, the defendant offered successfully an affidavit for a continuance. The State offered this in evidence at the trial and it was admitted over the objection that it was not shown that the signature to the affidavit was the defendant's signature nor that he had read it over or had it read to him before signing.

The affidavit was shown to be the original filed at the

time, in the handwriting of the defendant's then attorney, purported to be signed by the defendant and was sworn to before the Clerk of the Court, who testified that he took the defendant's oath to the affidavit and that he always asked the question before receiving the oath whether the affiant had read the affidavit, he did not remember the particular instance after the lapse of fourteen years. As against this the defendant testifies that he remembers taking several oaths before the clerk but does not remember taking this one. The preliminary question of admissibility was, we think, properly decided by the judge.

The court erred in charging the jury that the State might prove the killing to have occurred "at any time within two years immediately preceding the date alleged in the indictment." Under section 3181, General Statutes, all offences not punishable with death shall be prosecuted within two years after the same shall have been committed.

The only witness who fixed the date of the commission of the offense by naming the month and year, was the first witness, J. C. Atkinson, and he places it as in March, 1892, and this date was repeated on the suggestion of the State Attorney. The day alleged in the indictment as the date of the homicide is the third day of March, 1894, while the indictment was found in May, 1894. There were other witnesses who place the occurrence by indefinite reference as 1894. It therefore became material to charge the law correctly and the charge as given constitutes under these circumstances reversible error.

We need not pass upon the sufficiency of the showing for a new trial upon the ground of after discovered evi-

dence. Nor shall we discuss the sufficiency of the evidence.

Judgment reversed and a new trial ordered.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.