275 So.2d 264 (1973)
John Edward HERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 71-924.
District Court of Appeal of Florida, Fourth District.
March 28, 1973.
Walter N. Colbath, Jr., Public Defender, and Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In his appeal from a conviction of second degree murder the defendant assigns as error the refusal of the trial court to charge the jury upon the offense of manslaughter as a lesser degree of homicide and upon the offense of aggravated assault as a lesser included offense as requested by the defendant.
Based upon the clear language of Rule 3.490, FRCrP, 33 F.S.A. (former Section 919.14, F.S.), the recent decisions interpreting crimes divisible into degrees and necessarily included offenses, and the instant facts, we are of the opinion that *265 the trial court erred in failing to charge on the offenses of manslaughter and aggravated assault. Brown v. State, Fla. 1968, 206 So.2d 377; Appell v. State, Fla.App. 1971, 250 So.2d 318; see also State v. Washington, Fla. 1972, 268 So.2d 901; Rayner v. State, Fla. 1973, 273 So.2d 759. The fact that a defendant may assert a claim of self-defense does not mitigate the operation of Rule 3.490 or dispense with the duty of the court to charge the jury on all lesser degrees and necessarily included offenses. Cf. Robles v. State, Fla. 1968, 210 So.2d 441.
Accordingly, the judgment is reversed and the cause remanded for a new trial consistent with the views expressed herein.
Reversed and Remanded.
CROSS, OWEN and MAGER, JJ., concur.