291 So.2d 617 (1974)
Josh ELMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 73-225.
District Court of Appeal of Florida, Fourth District.
March 22, 1974.
*618 Samuel S. Jacobson of Datz, Jacobson & Dusek, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
JOHNSON, CLARENCE T., Jr., Associate Judge.
Appellant was charged with first degree murder. At the close of the State's case the trial court entered a Judgment of Acquittal as to first degree murder and submitted the case to the jury on second and third degree murder and manslaughter. He was convicted of manslaughter and appeals, raising four points.
Appellant first alleges the trial court erred in failing to give Appellant's requested instruction on the lesser offense of aggravated assault. We agree. Appellant was charged with killing Carl Benjamin Olin, "by shooting him to death with a pistol". The evidence, without dispute, reflected the use of the pistol by Appellant. The case falls squarely within the holding of Appell v. State, Fla.App. 1971, 250 So.2d 318, *619 cert. den. 257 So.2d 257 (Fla. 1971) where this court said, at page 320:
"Looking to the instant circumstances, we see that they fit precisely into category 4 of Brown v. State, supra [Fla., 206 So.2d 377]. The accusatory pleading encompasses aggravated assault and charges the use of a deadly weapon, a revolver. The evidence coupled thereto reflects the essentials of aggravated assault. Thus, we hold that in this case the defendant was entitled to a charge on aggravated assault. Brown v. State, supra; McCullers v. State, Fla.App. 1968, 206 So.2d 30. Contra, Sadler v. State, Fla.App. 1969, 222 So.2d 797; Anderson v. State, Fla.App. 1970, 235 So.2d 738, and Brown v. State, Fla. 1971, 245 So.2d 68. We do not agree that Brown v. State, supra, applies only to the crime of robbery."
See also Herman v. State, Fla.App. 1973, 275 So.2d 264; McCullers v. State, Fla. App. 1968, 206 So.2d 30, and State v. Anderson, Fla. 1972, 270 So.2d 353, 356 (dictum).
Since the case must be retried, we will consider the other points raised, in order to furnish guidance to the trial court in the new trial.
Secondly, Appellant argues that the trial court erred in refusing to admit into evidence the statement of an unidentified bystander who came to the scene with a shotgun and said to Appellant "If you had give out I was going to help you". The statement was made at the scene in the presence of both Appellant and the decedent, within seconds of the shooting while the decedent was staggering toward a post where he fell. The bystander was looking toward Appellant when he made the statement. The decedent, a large white man, had knocked Appellant, a small black man, down just prior to the shooting, had ignored warning shots, and was advancing on Appellant again when he was killed. The defense was self defense.
While statements made by third parties not produced as witnesses are generally objectionable as hearsay, the rule is not without exceptions. Where the statement was:
1. Spontaneous  with all that term legally embraces (see, e.g., Appell v. State, Fla.App. 1971, 250 So.2d 318, cert. den. 257 So.2d 257 (Fla. 1971) and Pillet v. Ershick, 99 Fla. 483, 126 So. 784 (1930)),
2. Was made by one who witnessed the act concerning which the statement was made (Dey v. State, Fla.App. 1966, 182 So.2d 266). (It is sufficient if this fact can be reasonably inferred from the circumstances  127 A.L.R. 1030),
3. Was made at the scene of the homicide, in the sight or hearing of the accused or victim (Halfrich v. State, 122 Fla. 375, 165 So. 285 (1936)), and
4. Is relevant to a material issue in the case (as all evidence must be to be admissible  see, e.g., Williams v. State, Fla. 1959, 110 So.2d 654, cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86) then
it is part of the res gestae and is admissible. Its weight becomes a matter for the jury. We hold that the statement was admissible and the court's refusal to admit it was error.
Thirdly, Appellant urges, and we concur, that the trial court committed error in denying Appellant the right to fully cross-examine Mrs. Betty Olin, decedent's widow, about the entirety of the observed altercation after she had testified for the State about a portion of it. Mrs. Olin, an eyewitness, testified about the details up to the point of the first shots. Her direct interrogation then abruptly ceased. Defense counsel sought to cross-examine her on her observation of the altercation past that point. The court, on objection by the State, refused to permit it.
The Florida Supreme Court has addressed itself to the question a number of times. In Savage and James v. State, 18 *620 Fla. 909 (1882), the Court stated the principles, at page 957:
"It is a well established rule in the United States that a cross-examination of witnesses is, at the strictest, confined to "facts and circumstances connected with the matters stated in the direct examination." [Philadelphia & T.R. Co. v. Stimpson] 14 Pet. [448] 461 [10 L.Ed. 535] 1 Greenl.Ev. 445."
"There is another familiar rule when a witness testifies to certain facts relating to a transaction in his presence he should testify to the whole of it. How this witness testified to seeing Peterson and Savage and James and what they did and their position and condition at the time of the affair. It was certainly in the line of the cross-examination to inquire of this witness if he saw anything else, and what else he saw at the time as to the condition of the parties directly concerned in the matter of which he had testified. And it was proper cross-examination, not only for the purpose of proving by him any surrounding facts other than those testified to, but for the purpose of testing the correctness of the statements already made, and for these objects the cross-examination is not to be confined to what the witness had already stated. He may be inquired of as to all he saw, and all the facts and circumstances connected with the matters already stated, which includes as well the condition of the parties as their acts. Some of their acts and something as to their condition had been stated, and the defendants were entitled by leading questions or otherwise to draw out anything else the witness had observed at the time as to the condition of either of the parties."
"The fact that the matter inquired of was afterwards testified to by other witnesses does not affect this question. The defendants were entitled to inquire on cross-examination as to all the witness saw after he had testified to part of it."
In Haager v. State, 83 Fla. 41, 90 So. 812 (1922), the Court added:
"... we think it was proper for counsel on cross-examination to interrogate the witness about everything that was said or done either by Haager or Hall from the time the difficulty began until Haager left the scene of the difficulty. The state's attorney could not limit investigation into the entire transaction by asking the witness about only a part of the difficulty... ."
The remaining point raised by Appellant is, under the evidence, without merit.
Reversed and remanded for a new trial.
OWEN, C.J., and DOWNEY, J., concur.