342 So.2d 501 (1977)
Oscar Milton MARTIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 47343.
Supreme Court of Florida.
February 3, 1977.
David J. Busch, Asst. Public Defender, and Ted Mack, Sp. Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
SUNDBERG, Judge.
Petitioner seeks certiorari review of the decision of the District Court of Appeal, First District, which affirmed his conviction of third degree murder. We have jurisdiction of this cause under Article V, Section 3(b)(3), Florida Constitution, because the decision of the District Court, reported at 310 So.2d 747, conflicts with Appell v. State, 250 So.2d 318 (Fla. 4th DCA 1971), Elmore v. State, 291 So.2d 617 (Fla. 4th DCA 1974), and Herman v. State, 275 So.2d 264 (Fla. 4th DCA 1973).
On October 12, 1973, petitioner Martin was charged by information with second degree murder. This charge arose from the *502 shooting death of one William Peck. At the close of the evidence at petitioner's trial, petitioner's attorney requested an instruction on aggravated assault as a lesser included offense of second degree murder. The court refused to give this instruction, and defense counsel duly objected. Martin was convicted of murder in the third degree. The District Court affirmed on appeal, and that decision is the subject of this review.
Petitioner asserts that under Rule 3.490, Fla.R.Crim.P., and Brown v. State, 206 So.2d 377 (Fla. 1968) [hereinafter Brown I], the jury should have been instructed on aggravated assault as a lesser included offense of second degree murder. In Brown I, Justice Thornal enumerated the four categories of lesser included offenses. Category four, which the parties agree is the relevant category in this cause, includes offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence adduced at trial. If the accusation (allegata) contains the necessary elements of a specific lesser included offense, and these elements are supported by the evidence (probata), then the jury should be instructed on that offense. Id. at 383.
Both petitioner and respondent dedicate substantial portions of their briefs to argument regarding the sufficiency of the allegata and probata needed to support an instruction on aggravated assault. However, a careful reading of our decision in Brown v. State, 245 So.2d 68 (Fla. 1971) [hereinafter Brown II] obviates such discussion. In this case, it is specifically held that in cases involving homicide, proper jury instructions are limited to those charges involving lawful and unlawful homicide. In reaching this decision, the Court quoted Sadler v. State, 222 So.2d 797, 799-800 (Fla. 2d DCA 1969), in part as follows:
"`The trial judge did appropriately instruct the jury as to all degrees of murder, manslaughter, justifiable homicide, and excusable homicide, all having to do with the death of the victim.

* * * * * *
"`What we have here was either unlawful homicide or lawful homicide. The death of a human being at the hands of defendant Sadler was concededly involved. If defendant's contention as to "lesser included offenses" is sound, then the trial Judge would have been required, upon request, to run down the gamut of the criminal lexicon to minor petty offenses such as disorderly conduct or disturbing the peace. This was a death case, not an assault case. We hold there is no merit to this point.'" (emphasis in the original) 245 So.2d at 75.
The above rationale, which was enunciated in the Sadler case, adopted by this Court in Brown II, and followed by the First District in the case sub judice, is eminently sensible. While aggravated assault may technically qualify as a category four lesser included offense of murder, no rational purpose is served by instructing on aggravated assault. We have in the past denounced the practice in which a trial judge unilaterally determines that there is such overwhelming evidence to convict on the crime charged, that he refuses to instruct the jury on a lesser offense. State v. Terry, 336 So.2d 65 (Fla. 1976). As pointed out in Hand v. State, 199 So.2d 100, 102 (Fla. 1967):
"In our opinion such judicial determination at trial level obviously takes a most critical evidentiary matter from the proper province of the jury and vests it improperly as a matter of law with the trial judge."
However, in cases such as that under review the trial judge need not worry about invading the province of the jury if he restricts his instructions to those involving lawful and unlawful homicide. As pointed out by the District Court, "What we have here is the death of a human being which was either unlawful homicide or lawful homicide." The death of the victim is not in issue; it is an incontrovertible fact. The jury's duty is to ascertain whether the defendant caused the victim's death, and, if so, whether the homicide was justifiable or unjustifiable. If the jury finds that an unlawful homicide has occurred, they must *503 then determine what degree of murder or manslaughter is involved. Whether an aggravated assault occurred as part of a crime that culminated in the death of the victim is patently immaterial. The folly involved in making this determination is evidenced by the parties' briefs in this cause. Petitioner argues that there is sufficient allegata and probata to support an aggravated assault instruction. Respondent counters that since there was no allegation or proof that the victim had a well-founded fear that violence was imminent, no instruction on assault is proper. This Court must question what possible relevancy there is in determining whether or not a victim was "put in fear" before he was shot to death. It is most certainly of no concern to the victim. In essence, the parties are arguing that if it can be shown that the defendant killed his victim after putting him in fear of violence, he may be convicted of a crime of a lesser degree than if it is shown that he killed his victim without first putting him in fear. There is obviously no rational basis for this argument.
In light of the above discussion, we hold that where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide. This is in accord with our previous decision in Brown II. To the extent that Appell, Elmore, and Herman, supra, conflict with this decision, they are overruled.
The judgment of the District Court of Appeal, First District, is approved, and the writ of certiorari is discharged.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and KARL, JJ., concur.
HATCHETT, J., dissents.