368 So.2d 374 (1979)
Thomas R. HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1389.
District Court of Appeal of Florida, Fourth District.
February 14, 1979.
Rehearings Denied April 4, 1979.
*375 Warner S. Olds, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky and Joy B. Shearer, Asst. Attys. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
The appellant, Thomas R. Hayes, was charged in Count I of an indictment, with the first degree murder of an elderly woman, whose death on December 18, 1975 was alleged to have been caused in part by Hayes tearing the victim's body in the vaginal area with his hand or other object. He was also charged in Count II of the same indictment with sexual battery of the same victim by the use of his hand or other object. He was tried and convicted on both counts, and sentenced to concurrent terms of life imprisonment.
Hayes claims that it was error for the trial court to adjudicate him guilty of sexual battery because in this case the sexual battery was a lesser included offense of first degree murder. See Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978). At trial it was shown that the victim's death was caused by the same physical acts involved in the sexual battery. Although there were other injuries inflicted on the victim's face and head, the proof presented by the state undisputedly proved that it was the sexual injury that caused the death. Under these circumstances we believe that the sexual battery was a lesser included offense of first degree murder and Hayes could only be convicted and sentenced for the higher of the two crimes. Kimbrough, supra.
Hayes also claims that aggravated battery, aggravated assault, battery, and assault were lesser included offenses of first degree murder, and that the trial court erred in refusing to so instruct the jury. In *376 a statement admitted into evidence Hayes admitted beating the victim about the head and face and forcing his fist into her vagina. At trial he testified for the limited purpose of denying that portion of the statement pertaining to the sexual battery of the victim. He claimed that his police interrogator forced him to make such a statement as the only means of avoiding the death penalty. Hayes' theory of defense was that someone else, either the victim's husband or an unknown assailant, killed the victim after Hayes left her residence. A physician, called by the state to establish the cause of death, testified that it was more likely that the internal injuries to the sexual area were caused by some instrument other than a human hand, although he acknowledged that these injuries could have been caused by a hand.
In Martin v. State, 342 So.2d 501 (Fla. 1977) it was held that the only lesser included offenses which must be instructed upon in a homicide case were those offenses that involved a lawful or unlawful death:
In this case, it is specifically held that in cases involving homicide, proper jury instructions are limited to those charges involving lawful and unlawful homicide.
In Martin the Supreme Court overruled numerous prior decisions by this court which held that it was error to refuse to give instructions similar to those requested by Hayes here. We are bound to follow the rule set out in Martin and under that rule, since none of the offenses listed by Hayes involved homicide, the trial court correctly denied the requested instructions. While we recognize that Hayes' defense seemed to be an admission of battery or some other lesser offense, we cannot avoid the direct holding in Martin. Apparently, the Supreme Court's reasoning is that Hayes is entitled to acquittal if the jury accepts his defense. However, the unfortunate result is that Hayes' conceded offense will go unpunished in such case.
It is difficult to accept the Martin rule in a case such as this where the defendant is not claiming complete innocence but rather guilt of a lesser offense. But the jury's options are limited to guilt of a homicide or innocence. While this limitation of options may have played no role in the outcome of this case, it is conceivable that a jury, reluctant to acquit a defendant admittedly guilty of a lesser offense, may mistakenly convict him of a higher offense as a result of the pressure of limited choices. Hopefully this result will be limited to such rare cases as to make the possibility unlikely.
Another decision, State v. Abreau, 363 So.2d 1063 (Fla. 1978), also requires a finding of no reversible error on this second point. In Abreau the Supreme Court held that failure to instruct on lesser included offenses may be harmless error where the lesser included offenses are two or more steps removed from the offense charged:
For example, if a defendant is charged with offense "A" of which "B" is the next immediate lesser-included offense (one step removed), and "C" is the next below "B" (two steps removed), then when the jury is instructed on "B" yet still convicts the accused of "A" it is logical to assume that the panel would not have found him guilty only of "C" (that is, would have passed over "B"), so that the failure to instruct on "C" is harmless. If, however, the jury only receives instructions on "A" and "C" and returns a conviction on "A", the error cannot be harmless because it is impossible to determine whether the jury, if given the opportunity, would have "pardoned" the defendant to the extent of convicting him on "B" (although it may have been unwilling to make the two-step leap downward to "C"). (Id. at 1064)
Here, all lesser degrees of homicide were included in the instructions. The instructions refused included offenses many steps removed from the offense charged, i.e., first degree murder. In addition, the jury not only found Hayes guilty of first degree murder but also guilty of sexual battery. As noted above, we believe that sexual battery was a lesser included offense of murder in this case; since the jury was instructed on sexual battery and returned a verdict of guilty, it is extremely unlikely that the jury would have found Hayes guilty of any of the lesser offenses, all of which are below sexual battery. When we consider the *377 abundant evidence of guilt together with the Abreau decision, we conclude that any failure to instruct, if error at all, was harmless.
Hayes next claims error by the trial court in making certain prejudicial comments critical of his counsel, in the presence of the jury. The record reveals numerous emotional exchanges between counsel, and between counsel and the court, during the course of the trial. Some of these exchanges may have constituted error, but in the context of the entire record we do not believe that they constituted prejudicial error. Neither do we find any error in the admission by the trial court of photographs of the victim or in the admission of evidence concerning certain statements made by the victim about the appellant. Swan v. State, 322 So.2d 485 (Fla. 1975).
Accordingly, the judgment and sentence for sexual battery are hereby reversed with directions that the judgment be vacated. The judgment and sentence for first degree murder are affirmed.
LETTS, J., and POULTON, TIMOTHY, Associate Judge, concur.