MOORE, Judge.
In this appeal from a conviction of second degree murder, appellant asserts that the trial court erred in admitting hearsay evidence. We reverse.
While on his way to a rock concert, appellant with his' sister and others as passengers, drove his vehicle on the right hand shoulder of a congested highway in order to pass slow moving traffic. The victim, who was traveling in the same direction, blocked appellant’s progress. The two drivers exited their vehicles and an altercation between them ensued. During this altercation, the appellant stabbed the victim, who was removed from the scene by ambulance and subsequently died from his injuries.
Upon cross-examination of a defense witness, the trial court permitted the State to elicit, as part of the res gestae, a statement made to her by the appellant’s sister. The witness, a girlfriend of the victim, testified that appellant’s sister told her: “I’m sorry, I know it’s my brother’s fault.” This statement was allegedly made while the two girls were following the ambulance to the hospital in another vehicle.
Statements made by third persons not produced as witnesses are usually objectionable as hearsay. Halfrich v. State, 122 Fla. 375, 165 So. 285 (Fla.1936). This is particularly true when the statements are themselves conclusions or opinions of the declarant. Mitchum v. State, 56 Fla. 71, 47 So. 815 (Fla.1908). As this Court stated in Elmore v. State, 291 So.2d 617 (Fla. 4th DCA 1974), the rule is not without its exceptions. Where the statement was (1) spontaneous, with all that term legally embraces, (2) made by one who witnessed the act concerning which the statement was made, (3) made at the scene of the homicide in the sight or hearing of the accused or victim, and (4) relevant to a material issue in the case, it is admissible as part of the res gestae. Id.
We find the instant statement fails to meet these criteria. The record does not reflect whether the declarant witnessed the altercation nor does it reflect how soon after the altercation the statement was made. Obviously, it was not made at the scene of the homicide in the sight or hearing of the accused or victim in that the accused had previously left the scene and the victim was at that time being transported to the hospital in an ambulance. The admission of the statement was therefore error. Although we are tempted to view its admission as harmless error, we are compelled to find that it was prejudicial in light of the close question regarding appellant’s plea of self defense. The jury may well have been influenced by the appellant’s own sister’s conclusion in determining guilt.
Accordingly, the conviction is reversed and the cause remanded for a new trial.
BERANEK, J., and WOODROW M. MELVIN, Associate Judge, concur.