433 So.2d 1005 (1983)
David P. DROTAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2573.
District Court of Appeal of Florida, Third District.
May 31, 1983.
Rehearing Denied July 18, 1983.
*1006 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski and Michael J. Neimand, Asst. Attys. Gen. and Faith Mesnekoff, Legal Intern, for appellee.
Before SCHWARTZ, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, charged with second-degree murder, was convicted of aggravated battery. He contends that the court erred in giving an instruction on aggravated battery.
The material facts show that appellant and the victim had engaged in a violent fight, during the course of which the victim, while lying on the ground, was kicked in the stomach and stomped in the chest. After appellant left the scene, bystanders, intending to transport the semiconscious victim to a hospital, placed him onto a makeshift stretcher. While being moved, the victim rolled off the wooden "stretcher" onto a parked car, striking the windshield. The cause of death was diagnosed as internal bleeding caused by blunt trauma.
By information, appellant was charged with second-degree murder, in that he "did ... unlawfully kill a human being ... by ... kicking and beating, ... an act imminently dangerous to another, and evincing a depraved mind regardless of human life, ... ." At the charge conference, appellant requested a lesser included instruction on simple battery. The state then requested that the court give an instruction on aggravated battery.[1] Appellant's objection  that aggravated battery is not a lesser included offense of a homicide  was overruled.
Martin v. State, 342 So.2d 501 (Fla. 1977), relied upon by appellant, cannot be interpreted as holding that jury instructions are restricted to all degrees of homicide in any case where death ensues. Martin holds that it is not error to refuse an instruction on aggravated assault as a lesser degree of second-degree murder where, based on the facts, the only issue is whether the homicide was lawful or unlawful. There is a distinction between Martin v. State, supra; Brown v. State, 245 So.2d 68 (Fla. 1971); Sadler v. State, 222 So.2d 797 (Fla. 2d DCA 1969), all cases cited by appellant, and the instant case. In none of the cited cases was there an issue as to whether the victim's death was at the hands (or feet) of the defendant. On the peculiar facts of this case there was an issue for the trier of fact as to whether the victim's fall from a stretcher, after the altercation, was the cause of death. Cf. State v. Simone, 431 So.2d 718 (Fla. 3d DCA 1983) (death of the victim by gunshot wound as charged, not being an issue, an instruction on manslaughter by culpable negligence was sufficient and there was no *1007 requirement for a separate instruction on culpable negligence not resulting in death).
Further, the appellant having first requested that the court give an instruction on battery, which is not a degree of homicide, will not be heard to complain that an instruction on aggravated battery was erroneous, where, as here, the instruction is consistent with the allegations and proof. Fla.R.Crim.P. 3.510.
Affirmed.
NOTES
[1] The information fairly sets forth the elements of aggravated battery:

Sec. 784.045 Aggravated battery. 
(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) uses a deadly weapon.
Although the state relies on Section 784.045(1)(a) of the aggravated battery statute, (1)(b) may also be applicable. There is considerable authority that feet, when used to inflict serious harm, may be a deadly weapon. Kirby v. State, 145 Ga. App. 813, 245 S.E.2d 43 (1978) (fist and feet generally are not deadly weapons under state's aggravated assault statute; however, depending on the manner and means of use, they may be found to be a deadly weapon by the trier of fact); State v. Born, 280 Minn. 306, 159 N.W.2d 283 (1968) (evidence that defendant knocked the victim to the floor with his fist and then proceeded to kick him was held sufficient to sustain a conviction for assault with a dangerous weapon); Pulliam v. State, 298 So.2d 711 (Miss. 1974) (although use of feet and fist ordinarily does not constitute the use of "deadly weapons" they can constitute "deadly weapon" if used in a manner or with force likely to produce death). See also M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982) (whether an instrument used in a battery is a deadly weapon is ordinarily a question of fact).