556 So.2d 1156 (1990)
Sany SUNN, and Fleet National Bank, Appellants,
v.
COLONIAL PENN INSURANCE CO., and National Marine Underwriters, Inc., Appellees.
Nos. 89-1682, 89-1904.
District Court of Appeal of Florida, Third District.
January 23, 1990.
Rehearing Denied March 13, 1990.
Hoppe Backmeyer Nelson & Stokes and Thomas E. Backmeyer, Miami, for appellant Sany Sunn.
Jacobson and Associates and James Cary Jacobson, Hollywood, for appellant Fleet Nat. Bank.
McDonald & McDonald and Arthur R. Brown, Jr., Miami, for appellees.
Before BASKIN, LEVY and GERSTEN, JJ.
LEVY, Judge.
Sany Sunn and Fleet National Bank appeal the entry of final summary judgment in favor of Colonial Penn Insurance Co. and National Marine Underwriters, Inc. We reverse and remand because there is no evidence in the record to demonstrate that certain hearsay statements, which the trial court ruled were admissible, fell within any of the exceptions to the hearsay rule.
This appeal involves the sole issue of the admissibility of certain hearsay declarations of one Joseph Keeton as testified to *1157 by his son and wife, which implicate the plaintiff/insured's former husband in the burning/arson of a boat. The plaintiff/insured, Sany Sunn, along with her former husband, borrowed money from the Fleet National Bank in order to purchase a boat. Sunn and her former husband purchased insurance coverage on the boat from Colonial Penn Insurance Co. The policy was underwritten by National Marine Underwriters, Inc. and named Fleet National Bank as an additional insured. (Hereafter Colonial Penn and Marine Underwriters will be referred to as the "Insurers.") Within the period of coverage, the boat was destroyed by an arsonist.
The Insurers delayed payment under the insurance policy while police investigated the possibility that Sunn's former husband and another man, Joseph Keeton, were responsible for the burning of the boat. Joseph Keeton was killed as a result of the fire, and the former husband committed suicide sometime after the incident.
According to Joseph's wife, Joseph had gone out on the night the boat was destroyed for approximately two hours with Sunn's former husband. The former husband and Joseph were friends. When Joseph returned, he was badly burned. The wife stated that Joseph told her there had been an accident, asked for some towels to take a shower, and then went to bed telling her not to worry, that he could take care of himself. Joseph's son, Thomas, testified that, approximately 20 hours later, on the day after the burning, his father told him that he had conspired with a friend to burn the friend's boat. The son stated that Joseph was referring to the former husband. After setting the boat on fire, the boat exploded and seriously burned Joseph. The son further stated that Joseph said he was afraid to go to the hospital initially and wanted to fabricate a story that he was burned while barbecuing. Joseph feared he would be caught and placed in jail for assisting the former husband in setting the boat on fire. The son admitted that he had no independent knowledge as to what actually happened.
The Insurers denied Sunn's claim for reimbursement for the loss of the boat under an exclusion clause contained in the insurance policy which excluded coverage for damage "[r]esulting from intentional acts or willful misconduct of any person insured under this policy." Sunn brought suit. The Insurers responded to the complaint by denying a duty to provide coverage because of the exclusion clause and by raising the affirmative defense of arson. The Insurers then filed a motion for summary judgment. At the hearing on the motion, Sunn and the Insurers stipulated that judgment could be entered in favor of the Insurers if "those portions of the hearsay testimony of Yolanda Keeton [Joseph's wife] and Thomas Keeton [Joseph's son] wherein they related their conversation with Joseph Keeton, in which he told them that he and Robert Freir [Sunn's former husband] burned the boat, constituted admissible competent evidence." The trial court held that the statements were admissible and granted summary judgment in favor of the Insurers. Sunn and Fleet National Bank appeal.
The parties are in agreement that the son's testimony regarding Joseph Keeton's statement is hearsay. However, the Insurers argue, inter alia, that the statements were properly admitted under the spontaneous exclamation or excited utterances exceptions to the hearsay rule contained in Section 90.803(1) and (2), Florida Statutes (1987).[1]
The factors to be analyzed in determining whether a statement qualifies under the exceptions are: (a) the time gap between the incident and the statement, (b) the voluntariness of the statement, (c) whether the statement is self-serving, and (d) the declarant's mental and physical *1158 state at the time the statement was made. Appell v. State, 250 So.2d 318, 321 (Fla. 4th DCA 1971), rev'd on other grounds, Martin v. State, 342 So.2d 501 (Fla. 1977). Of these factors, one of the most important for determining whether a statement should be admissible as a spontaneous exclamation or excited utterance is the duration of time between the incident and the statement. State v. Jano, 524 So.2d 660 (Fla. 1988). "[W]here the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process." State v. Jano, 524 So.2d at 662 (quoting E. Cleary, McCormick on Evidence § 297 at 856 (3d ed. 1984) (footnotes omitted)).
The record in this case does not provide a sufficient basis to conclude that Joseph Keeton made the statements without reflective thought. Thus, because the standards for spontaneity as to the hearsay statements had not been proven by the Insurers, it was error for the court to rule that the testimony was admissible. We find the Insurers' other arguments advocating the admissibility of the hearsay statements to be without merit and, accordingly, reverse.
Reversed and remanded.
NOTES
[1] Section 90.803(1) and (2) provide:

(1) Spontaneous statement.  A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
(2) Excited Utterance.  A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.