602 So.2d 614 (1992)
Mark ROSSI, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1662.
District Court of Appeal of Florida, Fourth District.
July 1, 1992.
Rehearing Denied August 27, 1992.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, JAMES E., Senior Justice.
The appellant Rossi, the defendant in this criminal case, was charged with second degree murder and convicted of manslaughter. We reverse because of the trial court's refusal to instruct the jury on the lesser included offenses of aggravated battery and battery.
The death of the victim resulted from a brawl involving several persons outside a Lake Worth bar. There was evidence that the defendant may have caused the death of the victim. However, there was also evidence that the victim sustained injuries from at least one other blow during the course of this chaotic and confusing fight. Thus, the jury could have concluded that the victim did not die from the defendant's blow.
The Florida Supreme Court in Martin v. State, 342 So.2d 501 (Fla. 1977), said that jury instructions in a homicide case are restricted to the degrees of murder, manslaughter, and justifiable and excusable homicide and held that the trial court did not err by refusing to instruct the jury on aggravated assault.
However, we believe that Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983), review denied, 443 So.2d 979 (Fla. 1984), more appropriately governs the present case. In Drotar, a defendant charged with second degree murder was convicted of aggravated battery. On appeal he contended that the trial court erred in giving, over his objection, jury instructions on aggravated battery. The appellate court, in affirming the aggravated battery conviction, said that Martin cannot be interpreted as restricting jury instructions in every case where death ensues. Drotar distinguishes those cases where there is an issue for the trier of fact as to whether the death was caused by defendant's act or some other *615 cause. In such cases the defendant is entitled to non-homicide lesser included offense instructions.[1]
In the instant case, there was evidence of a great amount of confusion during the brawl from which the jury could have concluded that defendant did not cause the victim's death. Thus, consistent with Drotar, defendant was entitled to instructions on aggravated battery and battery.
REVERSE AND REMAND FOR A NEW TRIAL.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] This distinction was recognized in In re Standard Jury Instructions in Criminal Cases, 543 So.2d 1205, 1233 (Fla. 1989), wherein the court noted in a footnote the distinction made by the court in Drotar.