665 So.2d 1135 (1996)
J.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0791.
District Court of Appeal of Florida, Fifth District.
January 5, 1996.
*1136 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
J.M. (defendant) appeals the judgment and disposition which were entered by the trial court after he was found delinquent for delivery of cocaine[1] and possession of cocaine[2]. Defendant contends that the trial court committed reversible error in admitting certain hearsay evidence. We agree, and therefore, are constrained to reverse.
At trial, City of Orlando police officer Shawn Hayden testified that, while he was on bike patrol, he observed defendant and Steven McAllister engaged in conversation outside an apartment building. McAllister was in a wheelchair, and defendant was wearing a white tank-top, flowery-colored shorts and had dreadlocks. As Hayden watched, defendant went inside the apartment building while McAllister waited. When defendant returned, Hayden saw defendant hand McAllister a small object and receive money in return. Defendant then left the area. Believing that he had just witnessed a drug transaction, Hayden approached McAllister and asked whether "he had any drugs, knives, or guns on him." McAllister responded by saying "he had some drugs somewhere," and then began acting as if he were looking for the drugs. Hayden described his actions, stating, "He would look in his hands. He'd look in his lap. He spread his legs open." When McAllister spread his legs open, Hayden spotted the cocaine. Hayden then put a glove on and retrieved the cocaine from the seat of the wheelchair. According to Hayden, after he took possession of the *1137 cocaine, McAllister said "[I] just bought the cocaine from a black man wearing a a white tank-top and dreadlocks." Defendant immediately objected to the admission of this statement, arguing that it was inadmissible hearsay. In considering the objection, the trial court correctly identified Hayden's testimony as hearsay since it was an out-of-court statement offered to prove that defendant was the person who provided McAllister with the cocaine.[3] However, the trial court overruled the objection and admitted Hayden's statement into evidence, finding that it was admissible under the spontaneous statement exception to the hearsay rule. We conclude that McAllister's statement does not meet the definition of a spontaneous statement and, as a result, the statement should have been excluded from evidence.[4]
Generally, hearsay testimony is excluded from evidence because it is unreliable, however, the legislature has recognized that certain categories of hearsay are by their very nature reliable, and has listed such categories as exceptions to the exclusionary rule. See §§ 90.803, 90.804, Fla. Stat. (1993). In this regard, spontaneous statements are included as one of the categories of hearsay exceptions because such statements are likely to be trustworthy since they are made at the time of, or immediately following, the declarant's observation of the event or condition described. See § 90.803(1) Fla. Stat. (1993) (a spontaneous statement is defined as "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness"). As Professor Ehrhardt explains, "the spontaneity of the statement negatives the likelihood of conscious misrepresentation by the declarant and provides the necessary circumstantial guarantee of trustworthiness to justify the introduction of the evidence." Charles W. Ehrhardt, Florida Evidence, § 803.1, at 612 (1995).
While the language in the statutory exception specifically includes the requirement that the purported spontaneous statements be made while the declarant perceives the event or condition, or immediately thereafter, contemporaneity is not the only requirement, but instead, the statement must also, of course, be spontaneous; that is, the statement must be made without the declarant first engaging in reflective thought. See Fratcher v. State, 621 So.2d 525, 526 (Fla. 4th DCA 1993); Sunn v. Colonial Penn Ins. Co., 556 So.2d 1156, 1157 (Fla. 3d DCA 1990). Applying this law to the facts of the instant case, McAllister's statement of identification does not fall within the definition of a spontaneous statement. In this regard, the trial evidence established that, by the time McAllister made the statement implicating the defendant, he had been approached by a uniformed police officer who questioned him; he had admitted to committing a crime; and he had moved about in his wheelchair as if to assist the officer in recovering the cocaine. These events enabled McAllister to engage in the very type of reflective thought that is inconsistent with aspects of reliability upon which the spontaneous statement exception is founded. Accordingly, McAllister's statement should not have been admitted into evidence during the defendant's trial.
Often errors regarding the admissibility of hearsay evidence are harmless because the same evidence is presented through a different source, or the evidence has no real significance in consideration of the merits of a case. In fact, the instant error may have been harmless if McAllister had testified at defendant's trial. However, McAllister did not testify, and the only two witnesses presented by the state were Hayden and a fellow police officer. Thus, the only showing that defendant ever possessed or delivered cocaine was McAllister's hearsay statement. Under these circumstances, the erroneous admission of this statement can not be deemed harmless. Accordingly, defendant's *1138 judgment and disposition must be reversed.
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] §§ 893.13(1)(a)1., 893.03(2)(a)4., Fla. Stat. (1993).
[2] §§ 893.13(6)(a), 893.03(2)(a)4., Fla. Stat. (1993).
[3] See § 90.801(1)(c), Fla. Stat. (1993).
[4] The trial judge in this case interrupted trial, notwithstanding his rigorous schedule, to conduct his own research on this issue. We appreciate his effort in presenting us with a clear record.