671 So.2d 817 (1996)
Arthur Wendell WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1386.
District Court of Appeal of Florida, Fourth District.
March 27, 1996.
Rehearing, Rehearing, and Certification of Question Denied May 1, 1996.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc, and Certification of Question Denied May 1, 1996.
PER CURIAM.
We reverse and remand for a new trial on the authority of Rossi v. State, 602 So.2d 614 (Fla. 4th DCA 1992). In Rossi, this court held that where there is evidence that a victim's death may have resulted from a *818 cause independent of the defendant's criminal act, that defendant is entitled to jury instructions on non-homicide lesser included offenses. Id. at 615. See also Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983), rev. denied, 443 So.2d 979 (Fla.1984).
In the instant case, Appellant presented evidence demonstrating that the victim's demise may not have resulted from his actions, but rather was the result of an independent injury which occurred two days prior to the charged offense. Under Rossi, such a situation entitled Appellant to jury instructions on non-homicide lesser included offenses. Additionally, because the verdict form submitted to the jury did not include an intervening step between third degree felony murder, the charge on which Appellant was convicted, and the non-homicide lesser included offenses, this error was per se reversible. State v. Abreau, 363 So.2d 1063 (Fla.1978); Ammons v. State, 623 So.2d 807 (Fla. 1st DCA 1993).
DELL, STONE and GROSS, JJ., concur.