ON MOTION FOR REHEARING

PER CURIAM.
Appellant’s motion for rehearing is denied. However, we amend and republish our opinion of March 13,1996, as follows:
Affirmed. Martin v. State, 342 So.2d 501 (Fla.1977) (jury instructions in a homicide case should be limited to the degrees of homicide).
The trial court did not err in failing to instruct the jury on a non-homicide lesser included offense. We have considered Walker v. State, 671 So.2d 817. (Fla. 4th DCA 1996) and Rossi v. State, 602 So.2d 614 (Fla. 4th DCA 1992), and deem them inapposite, as here there is no evidence that the victim’s death resulted from an unconnected or independent act. Rather, the record is clear that Appellant and another set upon the victim together to beat and stab him. The victim was stabbed six times in addition to other blows. Even though Appellant’s knife may not have struck the fatal wound, Appellant, at a minimum, was an aider and abettor in the criminal event causing death and as such her act was not unconnected to or independent of the cause of death. See, e.g., Hall v. State, 403 So.2d 1321 (Fla.1981); LaMura v. State, 424 So.2d 25 (Fla. 4th DCA 1982); Diaz v. State, 600 So.2d 529 (Fla. 3d DCA), rev. denied, 613 So.2d 3 (Fla.1992).
GUNTHER, C.J., and STONE and GROSS, JJ., concur.