COPE, Judge.
Christopher D. Humphrey appeals his conviction for manslaughter. The question presented is whether the trial court properly refused to give an instruction on a non-homicide lesser included offense. We conclude that the requested instruction was properly refused and affirm the conviction.
The victim, Charles Bells, was driving his car to a neighborhood store in Miami when an eleven-year-old girl stepped out in front of the car. Bells got out of the car to cheek on the condition of the girl. Defendant-appellant Humphrey and several other men attacked the victim. Codefendant Antonio Screen struck Bells with his fist. Codefend-ant Bertram Clark struck Bells on the head with a beer bottle. Defendant pulled out a handgun and struck Bells over the head with it. The witnesses testified that after defendant struck his blow, the victim was stunned and partially immobilized. Codefendant Anthony Hayward then shot Bells with a handgun. The wound was fatal. The eleven- *1352 year-old girl who had been struck by Bells’ car was not seriously injured and recovered.
The State charged defendant and code-fendants Hayward, Clark, and Screen with first degree murder and other crimes.[1] It was undisputed that Hayward fired the fatal shot. All defendants were charged as principals under section 777.011, Florida Statutes (1993). The State alleged that the defendants had acted in concert in causing the murder of Bells. Defendant was convicted of manslaughter as a lesser included offense.
On this appeal, defendant contends that the trial court erred by refusing his request for a jury instruction on aggravated battery as a lesser included offense of the charge of first degree murder. Defendant acknowledges the general rule that “where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide.” Martin v. State, 342 So.2d 501, 503 (Fla.1977). The court explained:
[I]n cases such as that under review the trial judge need not worry about invading the province of the jury if he restricts his instructions to those involving lawful and unlawful homicide. As pointed out by the District Court, “What we have here is the death of a human being which was either unlawful homicide or lawful homicide.” The death of the victim is not in issue; it is an incontrovertible fact. The jury’s duty is to ascertain whether the defendant caused the victim’s death, and, if so, whether the homicide was justifiable or unjustifiable. If the jury finds that an unlawful homicide has occurred, they must then determine what degree of murder or manslaughter is involved. 'Whether an aggravated assault occurred as part of a crime that culminated in the death of the victim is patently immaterial.
Id. at 502-03.
Defendant argues, however, that his case comes within an exception recognized in Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983). Defendant reads that case to say that if there is a question about who brought about the victim’s death, then the defendant is entitled to a non-homicide lesser included offense. Defendant reads the case too broadly.
In Drotar:
The material facts show that appellant and the victim had engaged in a violent fight, during the course of which the victim, while lying on the ground, was kicked in the stomach and stomped in the chest. After appellant left the scene, bystanders, intending to transport the semiconscious victim to a hospital, placed him onto a makeshift stretcher. While being moved, the victim rolled off the wooden “stretcher” onto a parked car, striking the windshield. The cause of death was diagnosed as internal bleeding cause by blunt trauma.
[[Image here]]
In none of the cited cases was there an issue as to whether the victim’s death was at the hands (or feet) of the defendant. On the peculiar facts of this case there was an issue for the trier of fact as to whether the victim’s fall from a stretcher, after the altercation, was the cause of death.
433 So.2d at 1006 (citation omitted; emphasis added).
In Drotar, there was a one-on-one fight between the defendant and the victim. After the fight had completely concluded and the defendant was no longer physically present, other persons were attempting to transport the victim to the hospital when he rolled off a makeshift stretcher onto a parked car. Under the evidence in the case, there was an issue about whether the death was caused by the defendant’s actions during the fight, or had been caused instead by the victim’s subsequent fall from the stretcher onto a parked car after the fight was over. On those “peculiar facts,” id., the non-homicide lesser included offense was held to be a proper jury charge.
*1353 In the present case, one witness testified that after defendant struck Bells on the head with his handgun, defendant told Hayward “lick him,” which in street talk meant “kill him.” However, this witness’ trial testimony was vigorously attacked because it was inconsistent with her pretrial deposition. Another witness testified that the “lick him” statement was actually made by codefendant Screen, not this defendant. Other witnesses testified that they did not hear the “lick him” statement at all.
Defendant reasons that if the jury believed that “lick him” was said by Screen, or was not said at all, then defendant can have no culpability in Hayward’s shooting of Bells. Defendant argues that under such circumstances, the only proper charge against him is aggravated battery, based on the witnesses’ testimony that defendant struck Bells on the head with his handgun. Defendant urges that if the jury accepted defendant’s view of the evidence, then Hayward’s action in shooting Bells was an independent act for which the codefendants are not responsible.[2]
We do not agree with defendant’s argument on this point. In this case clearly the four defendants acted in concert in their violent attack on the victim. During the course of the attack, Bells was murdered. Defendants were all charged as principals. Under the principal statute, the defendant is hable if he “commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, etnd such offense is committed or is attempted to be committed.... ” § 777.011, Fla.Stat. (1993) (emphasis added). It is not necessary that defendant be the shooter so long as he committed one of the other acts enumerated in section 777.011. As stated in Martin v. State, “The death of the victim is not an issue; it is an incontrovertible fact.” 342 So.2d at 502. If the jury had chosen to accept defendant’s argument that he was without any responsibility as a principal in the homicide, then the jury’s responsibility would be to acquit the defendant of the charge — indeed, the jury in this ease aequit-ted the defendant of another of the charges against him.[3]
Defendant relies on Walker v. State, 671 So.2d 817 (Fla. 4th DCA 1996), but the facts of that case fall into the same pattern as Brotar. There the victim had received an independent injury two days prior to the charged offense. Since the facts of the case showed that the cause of death may have been the earlier injury, not the later injury, the Fourth District held that the defendant was entitled to a jury instruction on non-homicide lesser included offenses.
Defendant relies on Rossi v. State, 602 So.2d 614 (Fla. 4th DCA 1992), but that case is also factually distinguishable. In Rossi, the “death of the victim resulted from a brawl involving several persons outside a Lake Worth bar.” Id. at 614.- The incident was described as a “chaotic and confusing fight.” Id. The court concluded that there was a factual issue about who struck the fatal blow, and that under the circumstances, the defendant was entitled to an instruction on a non-homicide lesser included offense. Id.
We do not agree that Rossi applies here. In the present case there was concerted action by multiple defendants against a single unresisting victim. There was no indication of a combined attack directed at a single victim in Rossi, nor any indication of a prosecution based on a principal theory.
For the reasons stated, we concur with the trial court that the defendant was not entitled to the requested jury instruction for aggravated battery as a non-homicide lesser included offense.
Affirmed.

. The other crimes were armed robbery and burglary of Bells’ vehicle. Those crimes are not at issue on this appeal. The charges arose because Bells was robbed during the violent encounter. Defendant received a judgment of acquittal from the court on the armed robbery charge and was acquitted by the jury on the burglary charge.

. It was defendant, however, who first displayed a handgun in the violent confrontation.

. See supra note 1.