PER CURIAM.
Sherly Petitfrere appeals his conviction of manslaughter with a firearm. The question *394 presented is whether the trial court properly refused to give an instruction on culpable negligence under section 784.05(1), Florida Statutes (1995). We conclude that the requested instruction was improperly refused, and reverse the conviction.
The shooting arose from a disagreement between Petitfrere and the victim, Bacari Peterson. Peterson believed that Petitfrere had given him a bogus twenty-dollar bill in return for several small bags of marijuana. It was undisputed that a gunshot killed the victim, but the state was not able to link the fatal bullet to any gun. Petitfrere testified that while he was running away he fired his gun in the direction of the person who had shot at him — Taurus Woodson, an accomplice of Peterson’s.
Petitfrere’s defense was twofold; either he acted in self-defense, or the bullet that killed Peterson was fired from Woodson’s gun. This latter theory was supported by Richard Slonan, who testified that while in jail he had heard many times from Woodson “how he shot some guy by accident.”
The state charged Petitfrere with second-degree murder. Although originally charged with attempted first-degree murder of Pet-itfrere, Woodson struck a deal with the state to drop the charges in return for his testimony.
Both the state and the defense agreed that the jury should be charged with culpable negligence, as a lesser included offense. However, after Petitfrere’s attorney had completed his portion of the closing, the trial court told the attorneys that he would not give the culpable negligence charge. The defense timely objected.
The jury had some difficulty in reaching a verdict. During its deliberations, the jury asked, “Can there be a manslaughter verdict if there is no evidence brought by the state that the bullet that struck Peterson was fired by the defendant?” The court answered the question by supplying them with a complete set of written jury instructions the following morning. Alter several more hours of deliberations, the court read the jury deadlock charge. Four hours later, the foreperson wrote to the judge that the jury was “absolutely unable to reach a verdict.” Moments before the court was about to declare a mistrial, the jury reached its verdict that Petitfr-ere was guilty of manslaughter with a firearm.
This case is controlled by Rossi v. State, 602 So.2d 614 (Fla. 4th DCA 1992), in which this court held that where there is evidence that a victim’s death may have resulted from a cause independent of the defendant’s criminal act, the defendant is entitled to jury instructions on non-homicide lesser included offenses. See also Walker v. State, 671 So.2d 817 (Fla. 4th DCA 1996); Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983). Rossi describes an exception to the general rule of Martin v. State, 342 So.2d 501 (Fla.1977), that jury instructions in a homicide case are restricted to the degrees of murder, manslaughter, and justifiable and excusable homicide. Rossi relied on Drotar to distinguish Martin:
In Drotar, a defendant charged with second degree murder was convicted of aggravated battery. On appeal he contended that the trial court erred in giving, over his objection, jury instructions on aggravated battery. The appellate court, in affirming the aggravated battery conviction, said that Martin cannot be interpreted as restricting jury instructions in every ease where death ensues. Drotar distinguishes those cases where there is an issue for the trier of fact as to whether the death was caused by defendant’s act or some other cause. In such cases the defendant is entitled to non-homicide lesser included offense instructions.
Rossi, 602 So.2d at 614-15. The Drotar exception to Martin is recognized in the standard jury instructions in criminal eases. In re Standard Jury Instructions-Criminal Cases, 603 So.2d 1175, 1250-51 (Fla.1992).
In this case, the defendant presented evidence to support the theory that the fatal bullet could have come from someone else’s gun. If the jury had believed the second shooter hypothesis, then it might have acquitted Petitfrere of the homicide and convicted him of culpable negligence for discharging his gun in the direction of another in an area where passersby might be at risk. *395 Unlike Flounory v. State, 674 So.2d 857 (Fla. 4th DCA 1996), this was not a ease where the defendant could be convicted under section 777.011, Florida Statutes (1995), as a principal along with another potential actor in causing the homicide. See Humphrey v. State, 690 So.2d 1351 (Fla. 3d DCA 1997).
The state argues that Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978), disapproved of on other grounds sub nom., State v. Von Deck, 607 So.2d 1388 (Fla.1992), precludes a culpable negligence instruction. Kimbrough is distinguishable on its facts. In that ease, the victim was shot, the defendant was charged with attempted first degree murder, and the only evidence was that the defendant shot at the victim with the intention of hitting him. Under the defendant’s theory in this case, someone else’s bullet did the damage and he only fired a defensive, warning shot in the general direction of the victim while running away.
On the remaining issues raised, we find no error.
Reversed and remanded for a new trial.
GLICKSTEIN, PARIENTE and GROSS, JJ., concur.