POLEN, C.J.
Alfonso Youmans was charged with first degree murder and aggravated child abuse in connection with the death of his live-in girlfriend’s twenty (20) month old son. Youmans was convicted of the lesser included offense of aggravated manslaughter on the murder count; the trial court refused to instruct the jury on lesser included offense on the aggravated child abuse *672 count, and Youmans was convicted as charged. While we affirm the aggravated manslaughter conviction, we reverse the aggravated child abuse conviction where the trial court failed to instruct the jury on simple child abuse, as requested, discussed, infra.
Youmans first contends he was improperly tried before a retired senior judge from another circuit who lacked authority to try this case in the 17th circuit, specifically in violation of Article V, §§ 8,10 of the Florida Constitution. First, this court lacks jurisdiction to address this claim, since the Florida Supreme Court has exclusive jurisdiction to review judicial assignments, derived from Article V, § 2(a) and (b). See Physicians Healthcare Plans, Inc. v. Pfeifler, 2003 WL 1987974, 846 So.2d 1129 (Fla. May 1, 2008). Moreover, in Pfeifler, the Court upheld the constitutionality of the 17th circuit’s usage of senior judges. Id.
Turning to the merits, we affirm the aggravated manslaughter conviction, finding all elements of this lesser offense were properly charged in the indictment. Furthermore, we find no abuse of discretion in the trial court’s refusal to instruct the jury on non-death lesser included offenses on the murder count where You-mans confessed to delivering the blows which ultimately resulted in the victim’s death. See Martin v. State, 342 So.2d 501 (as a general rule, where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide; since the death of the victim is not in issue, the factfinder’s duty is to ascertain whether the defendant caused the victim’s death, and, if so, whether the homicide was justifiable or unjustifiable); cf. Drotar v. State, 433 So.2d 1005 (Fla. 3d DCA 1983). We find no abuse of discretion in the trial court’s giving of both a principals instruction (as requested by the State) and an independent act instruction (as requested by Youmans) regarding the actions of Youmans and those of his girlfriend, the victim’s mother [1] See Barfield v. State, 762 So.2d 564, 566-67 (Fla. 5th DCA 2000).
However, we hold the trial court committed reversible error in denying Youmans’s request for a jury instruction on the lesser included offense of simple child abuse on the aggravated child abuse count. As noted by our sister court in State v. McDonald, 785 So.2d 640, 645-46 (Fla. 2d DCA 2001), Florida’s child abuse statutes were extensively amended in 1996. See ch. 96-322, § 8, eff. Oct. 1, 1996.[2] Unfortunately, the post-1996 statutory scheme is not reflected in the schedule of lesser included offenses in the most recent Standard Jury Instructions in Criminal Cases, and, accordingly, simple child abuse is not listed as a lesser included offense (category 1 or 2) of the crime of aggravated child abuse. Fla. Std. Jury Instructions (Crim.) Schedule of Lesser Included Offenses (2002)(citing aggravated child abuse as section 827.03(l)(a-d); 1996 amendments renumbering aggravated child abuse as section 827.03(2)(a-c)). It appears the trial judge looked at his copy of the Standard Jury Instructions, noted simple child abuse was not listed as a lesser included offense of aggravated child *673 abuse, and denied the requested instruction. We hold this was error.
A crime is not a permissive lesser included offense unless the allegations contained in the count of the information charging the major crime also allege all of the elements necessary to prove the lesser included offense. When a defendant requests an instruction on a permissive lesser included offense, the trial court is required to grant the request only if: (a) the accusatory pleading specifically alleges all the statutory elements of the lesser offense; and (b) a finding of guilt on the offense would be supported by the evidence submitted at trial. See Wilson v. State, 749 So.2d 516, 518-19 (Fla. 5th DCA 1999). On these facts, we hold simple child abuse constitutes a permissive (category 2) lesser included offense of the charged crime of aggravated child abuse, and that the failure to give the requested instruction constitutes error.[3] The indictment charged that Youmans did “knowingly or willfully abuse [the victim], a child under the age of eighteen years, by intentionally inflicting physical or mental injury or by doing an intentional act that could reasonably be expected to result in physical or mental injury to [the victim] and in so doing caused great bodily harm, permanent disability, or permanent disfigurement to [the victim] by causing him to suffer blunt force trauma.” We hold this charge of aggravated child abuse alleges all of the elements of simple child abuse pursuant to § 827.03(l)(a). Furthermore, proof of the charged crime would necessarily constitute proof of the lesser included offense, where the only distinction between the two crimes is the magnitude of the injury suffered by the victim. Where the requested lesser included instruction is only “one step” removed from the charged offense, as here, failure to give the requested instruction constitutes per se reversible error.[4] See Henig v. State, 820 So.2d 1037, 1039 (Fla. 4th DCA 2002)(ap-pellate court is foreclosed from undertaking harmless error analysis). In reversing the instant aggravated child abuse conviction, we urge the Supreme Court to update the Standard Jury Instructions schedule of lesser included offenses to reflect the renumbering and amendment of the child abuse statutes, in order to prevent the reoccurrence of this error in the future.
We find Youmans’s additional challenges to evidentiary rulings of the trial court unpersuasive. Youmans’s conviction for aggravated manslaughter is affirmed, and *674 his conviction for aggravated child abuse is reversed.
AFFIRMED in part; REVERSED in part.
GUNTHER and SHAHOOD, JJ., concur.

. The victim’s mother was independently charged in connection with her child’s death.

. Under the old statutory scheme, there was an issue as to whether simple child abuse could be a lesser-included offense of aggravated child abuse since a parent could be convicted of aggravated abuse, but was considered "privileged” against prosecution for simple abuse. See McDonald, 785 So.2d at 644.

. Though not directly before this court, we note simple child abuse does not appear to be a necessary lesser included offense of aggravated child abuse, where at least one theory of simple child abuse does not seem to be "necessarily charged” within a charge of aggravated child abuse. Compare § 827.03(l)(a), Fla. Stat. (2002) with § 827.03(2)(a-c); see generally Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla. 1981).

. We are mindful that it is highly improbable the jury would have convicted Youmans of (only) simple child abuse on count II, i.e., that the child did not suffer "great bodily harm,” especially where the jury found him guilty of aggravated manslaughter on count I. See McDonald, 785 So.2d at 646 (legislature intended simple child abuse to be applied in situations where a beating does not result in permanent injury, and aggravated child abuse to be applied in more egregious cases resulting in "great bodily harm or permanent disabilities or disfigurement"). However, we note in addition to direct liability, the jury was also instructed on principal liability on the manslaughter count, premised on the theory that Youmans shared liability for the mother's failure to provide adequate medical care, where Youmans concealed the true nature of the child’s injuries. Moreover, manslaughter requires a lesser degree of mens rea (negligence) as opposed to child abuse (an intentional act).